**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **WORLDCOM, INC., et al.,** | : | |
| | : | **Case No. 02-13533 (AJG)** |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |

---

| | | |
|---|---|---|
| **INTERNAL REVENUE SERVICE OF THE UNITED STATES OF AMERICA,** | : | |
| | : | |
| | : | **07 Civ. 07414 (DLC)** |
| Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| **WORLDCOM, INC., et al.,** | : | |
| | : | |
| | : | |
| Appellees. | : | |

---

**REORGANIZED DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS APPEAL OR FOR AN ORDER DENYING THE IRS LEAVE TO FILE AN INTERLOCUTORY APPEAL**

## TABLE OF CONTENTS

|  | Page |
|---|---|

PRELIMINARY STATEMENT .................................................................................................. 2

JURISDICTION ............................................................................................................................ 3

BACKGROUND ........................................................................................................................... 3

RELIEF REQUESTED .................................................................................................................. 5

BASIS FOR RELIEF REQUESTED ............................................................................................. 5

I.      The Appeal Should Be Dismissed Because The Excise Tax Order Is Interlocutory ......... 5

II.      Leave To Appeal Should Be Denied Because There Are No Exceptional Circumstances That Justify Departure From The Basic Policy Of Postponing Appellate Review Until After A Final Judgment ................................................................ 6

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re AroChem Corp.*, 176 F.3d 610 (2d Cir. 1999) ...................................................................... 7

*Arp Films, Inc. v. Marvel Entertainment Group, Inc.*, 905 F.2d 687 (2d Cir. 1990) ........... 6

*In re Asusa, Inc.*, 47 B.R. 928 (S.D.N.Y. 1985) ............................................................................. 9

*Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978) .................................................................. 7

*Comcation v. U.S.*, No. 05-515T, 2007 U.S. Claims LEXIS 267 (Aug. 17, 2007) ............. 8

*Cromer Fin. Ltd. v. Berger*, No. 00-civ-2284 (DLC), 2001 U.S. Dist. LEXIS 11951 (S.D.N.Y. Aug. 17, 2001) .......................................................................................... 8

*In re Emergency Beacon Corp.*, 666 F.2d 754 (2d Cir. 1981) ................................................. 9

*Escondido Mission Village L.P. v. Best Products Co.*, 137 B.R. 114 (S.D.N.Y. 1992) ............................................................................................................................................. 9

*Flor v. Bot Finance Corp.*, 79 F.3d 281 (2d Cir. 1996) ............................................................. 8

*In re Fugazy Express, Inc.*, 982 F.2d 769 (2d Cir. 1992) ......................................................... 6

*In re 127 John Street Assoc.*, M-47 2005 U.S. Dist. LEXIS 6729 (S.D.N.Y. April 18, 2005) ......................................................................................................................... 9

*In re Ionosphere Clubs, Inc.*, 179 B.R. 24 (S.D.N.Y. 1995) ..................................................... 7

*In re Kassover*, 343 F.3d 91 (2d Cir. 2003) .................................................................................. 6

*Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21 (2d Cir. 1990) .......................................... 7

*MCI WorldCom Commc'ns v. Commc'ns Network International, Ltd. (In re WorldCom)*, 358 B.R. 76 (S.D.N.Y. 2006) ..................................................................... 7, 8, 10

*Net Realty Holding Trust v. R.H. Macy & Co. (In re R.H. Macy & Co.)*, No. 92 Civ. 3799, 1992 WL 322288 (S.D.N.Y. Oct. 28, 1992) ................................................. 9

*In re Orange Boat Sales*, 239 B.R. 471 (S.D.N.Y. 1999) ........................................................ 5

*In re Pan Am Corp.*, 159 B.R. 396 (S.D.N.Y. 1993) ................................................................. 5

*In re Pan Am Corp.*, 162 B.R. 667 (S.D.N.Y. 1993) ................................................................. 9

*Petereit v. S.B. Thomas, Inc.*, 63 F.3d 1169 (2d Cir. 1995) ................................................. 5

*Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567 (S.D.N.Y. 2001) ...................... 7

*In re Quigley Co., Inc.*, 323 B.R. 70 (S.D.N.Y. 2005) ......................................................... 6

*Statutory Comm. of Unsecured Creditors v. Motorola, Inc. (In re Iridium Operating LLC)*, M-47, 2003 WL 21507196 (S.D.N.Y. June 30, 2003) ...................... 8

*USA Choice Internet Serv., Inc. v. United States*, 73 Fed. Cl. 780 (2006) .......................... 8

### STATE CASES

### FEDERAL STATUTES

26 U.S.C. § 4251 ................................................................................................................ 2, 3

26 U.S.C. § 4252 ................................................................................................................ 3, 8

28 U.S.C. § 1292(b) ........................................................................................................... 6, 7

28 U.S.C. § 158 .............................................................................................................. 3, 5, 6

Verizon Business Global LLC (successor by merger of reorganized debtor WorldCom, Inc.), and certain of its direct and indirect subsidiaries (collectively, the "Reorganized Debtors")[1] respectfully move the Court pursuant to Rules 8003 and 8011 of the Federal Rules of Bankruptcy Procedure ("FRBP") to dismiss the interlocutory appeal that the Internal Revenue Service of the United States of America (the "IRS") improperly filed without leave of court.[2] Alternatively, if the Court elects to treat the IRS's improperly filed notice of appeal as a motion for leave to appeal, the Reorganized Debtors request that such leave be denied.

**PRELIMINARY STATEMENT**

1. The Reorganized Debtors and the IRS each filed claims in the Bankruptcy Court concerning the application of the excise tax imposed by 26 U.S.C. § 4251 on local telephone service to a data service generally known as COBRA (central office based remote access) that the Reorganized Debtors purchased in prior years to convert analog data from dial-up-computer modems into high-speed data packets suitable for Internet networks. The Reorganized Debtors asserted their right to a refund of taxes previously paid for that service, while the IRS contended that the Reorganized Debtors owed additional tax for the service. Because the parties' claims arose from the same operative facts, the Bankruptcy Court

---

[1] On July 21, 2002 and November 8, 2002, WorldCom, Inc. and certain of its direct and indirect subsidiaries commenced the cases captioned above under chapter 11 of the Bankruptcy Code. For the purposes of this Motion, the term "Reorganized Debtors" shall refer both to the reorganized debtors and to their predecessors-in-interest. Docket numbers identified in this Motion refer to the record on appeal from the Bankruptcy Court.

[2] On July 12, 2007, the Reorganized Debtors filed a notice of motion to dismiss this appeal or for an order denying the IRS leave to file an interlocutory appeal, as well as their memorandum of law and declaration in support thereof. *See* Docket Nos. 18998, 18999, 19000. When the clerk of the Bankruptcy Court transmitted the record to this Court, that motion was included in the record on appeal, but was not docketed for the Court's consideration. In an abundance of caution, the Reorganized Debtors once again move the Court to dismiss this appeal.

consolidated the proceedings.

2.  The order from which the IRS now appeals is interlocutory because, while it adjudicated the issue of tax liability in the Reorganized Debtors' favor, it expressly provides for further proceedings that are not yet final on the amount of the tax refund due.  The IRS has not obtained leave to appeal, and thus its appeal should be dismissed because this Court lacks jurisdiction under 28 U.S.C. § 158(a) to hear it.

3.  In the event that the Court elects to treat the IRS's notice of appeal as a motion for leave to appeal, the Court should deny it because (i) the IRS has failed to articulate why leave to appeal should be granted as required by FRBP 8003(c), and (ii) even if this information were available, as explained more fully below, nothing about the Bankruptcy Court's order qualifies it for a discretionary interlocutory appeal.  Accordingly, the IRS should be denied leave to appeal.

## JURISDICTION

4.  This Court has no jurisdiction to consider the IRS's appeal under 28 U.S.C. § 158(a) because the Bankruptcy Court has not entered a final order, the instant appeal does not concern an order issued under section 1121 of title 11, and the IRS has not sought leave to appeal from an interlocutory order.

## BACKGROUND

5.  On July 2, 2004, the IRS filed a request for payment (Claim No. 38365, the "IRS Claim") against the Reorganized Debtors that contends the federal excise tax on local telephone service—a tax that is codified at 26 U.S.C. §§ 4251 and 4252(a)—applies to COBRA service.  The Reorganized Debtors filed an objection (Docket No. 12235, the "Objection") to the IRS Claim on the grounds that COBRA service does not fall within the statutory definition of a "local telephone service" set forth in 26 U.S.C. § 4252(a) and, therefore, is not subject to the

telephone-excise tax.

6. In addition, the Reorganized Debtors filed a motion, dated January 31, 2006 (Docket No. 17945, the "Refund Motion"), that requested a determination of the Reorganized Debtors' right to a refund of telephone-excise taxes that were paid between 1998 and 2004 in connection with purchases of COBRA service. The Reorganized Debtors also requested consolidation of the Refund Motion and the Objection pursuant to FRBP 9014 and 7042 on the grounds that these matters arose from the same set of operative facts. The IRS did not oppose consolidation of the Refund Motion with the Objection, and thus the matters were consolidated by order of the Bankruptcy Court (Docket No. 18972).

7. By Order, dated January 31, 2006 (Docket No. 17873, the "Scheduling Order"), the Bankruptcy Court scheduled an evidentiary hearing to consider whether the Reorganized Debtors are liable for payment of telephone-excise tax as alleged in the IRS Claim, or whether the IRS is liable for a refund of telephone-excise tax as alleged in the Refund Motion. Pursuant to the Scheduling Order, the Bankruptcy Court reserved its consideration of the amount of damages either party may have for a later date.

8. After hearing the evidence and arguments on liability, the Bankruptcy Court entered an Opinion on June 1, 2007 that granted both the Objection to the IRS Claim and the Refund Motion (Docket No. 18918, the "Excise Tax Opinion"). On June 27, 2007, the Bankruptcy Court signed an interlocutory order consistent with its June 1, 2007 Opinion (Docket No. 18972, the "Excise Tax Order"). The Excise Tax Order is interlocutory because, while the IRS Claim against the Reorganized Debtors has been disallowed, the amount of the refund due to Reorganized Debtors from the IRS remains pending before the Bankruptcy Court. To that end, the Bankruptcy Court directed the Reorganized Debtors to submit an affidavit within 90 days

regarding the appropriate amount of the refund, and ordered the IRS to file any objection it has to such amount within 60 days thereafter. If the IRS objects, the Bankruptcy Court will conduct further proceedings on the amount of the refund due to the Reorganized Debtors.

9.   Despite the fact that a final judgment has not been entered against the IRS in these consolidated proceedings, on July 2, 2007, the IRS filed its notice of appeal from the Excise Tax Order (Docket No. 18977). As of the date hereof, the IRS has not filed a motion requesting leave to file an interlocutory appeal from the Excise Tax Order.

## RELIEF REQUESTED

10.   The Reorganized Debtors respectfully request that the Court dismiss the appeal from the Excise Tax Order that was filed by the IRS. Alternatively, should the Court elect to treat the IRS's notice of appeal as a request for leave to appeal, the Reorganized Debtors request that such leave be denied.

## BASIS FOR RELIEF REQUESTED

**I.**   *The Appeal Should Be Dismissed Because The Excise Tax Order Is Interlocutory*

11.   Appeals from cases originating in bankruptcy courts are governed by 28 U.S.C. § 158. Although "final orders of a bankruptcy court may be appealed to the district court as of right, 28 U.S.C. § 158(a)(1), appeals from non-final bankruptcy court orders may be taken only 'with leave' of the district court." *In re Orange Boat Sales*, 239 B.R. 471, 473 (S.D.N.Y. 1999); *In re Pan Am Corp.*, 159 B.R. 396, 400 (S.D.N.Y. 1993) (holding that the dismissal of counterclaims asserted by one party to an action is not a final order for which that party could appeal as of right because it was not certified as final under Rule 54(b)); *see also* 28 U.S.C. § 158(a)(3); FRBP 8001(b).

12.   It is well established in the Second Circuit that "a judgment fixing liability without a calculation of damages—unless their computation is merely ministerial in nature—is

not an appealable final order." *Petereit v. S.B. Thomas, Inc.*, 63 F.3d 1169, 1175 (2d Cir. 1995) (citing *In re Fugazy Express, Inc.*, 982 F.2d 769, 775 (2d Cir. 1992); *Arp Films, Inc. v. Marvel Entertainment Group, Inc.*, 905 F.2d 687, 689 (2d Cir. 1990)). Here, the Excise Tax Order establishes that the Reorganized Debtors are not liable for the telephone-excise tax and are entitled to a refund, but the amount of that refund has not been finally adjudicated by the Bankruptcy Court. Accordingly, the Excise Tax Order is not final and the IRS cannot appeal as of right. *See* 28 U.S.C. § 158(a)(3). Because the IRS cannot appeal as of right, its notice of appeal is improperly filed and should be dismissed.

**II.    *Leave To Appeal Should Be Denied Because There Are No Exceptional Circumstances That Justify Departure From The Basic Policy Of Postponing Appellate Review Until After A Final Judgment***

13.    While FRBP 8003(c) provides that the Court may treat a notice improperly filed without leave as a motion for leave to appeal, there are no grounds for doing so in this instance. Any motion for leave to appeal must contain "(1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto." FRBP 8003(c). The IRS has failed to provide any of this required information. Leave to appeal should therefore be denied on this basis alone.

14.    Even if the required information had been provided, leave to appeal should still be denied. In determining whether to grant leave to appeal an interlocutory order, courts in this district have traditionally applied the standards of 28 U.S.C. § 1292(b) for certifying interlocutory appeals from district court orders. *See, e.g., In re Quigley Co., Inc.*, 323 B.R. 70, 77 (S.D.N.Y. 2005) (citing *In re Kassover*, 343 F.3d 91 (2d Cir. 2003)). Pursuant to 28 U.S.C. § 1292(b), leave should only be granted if the order being appealed (1) "involves a controlling

question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Failure to meet any of these requirements warrants denial of the request for leave.  *See Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 573 (S.D.N.Y. 2001).  Moreover, the IRS has the burden of showing "exceptional circumstances" in order to overcome "the general aversion to piecemeal litigation."  *See, e.g., In re AroChem Corp.*, 176 F.3d 610, 619 (2d Cir. 1999); *In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (S.D.N.Y. 1995).  The IRS must show that the circumstances warrant "a departure from the basic policy of postponing appellate review until after entry of final judgment."  *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990).

15. These standards are not satisfied here.  The Excise Tax Order does not involve a controlling question of law "that the reviewing court [can] decide quickly and cleanly without having to study the record." *MCI WorldCom Commc'ns v. Commc'ns Network Int'l, Ltd. (In re WorldCom)* ("CNI"), 358 B.R. 76, 79 (S.D.N.Y. 2006) (quotations omitted).  Here, the Bankruptcy Court made factual findings regarding the technological capabilities of COBRA service that were integral to the ruling on liability.  *See* Excise Tax Opinion (Docket No. 18918), at 11-14.  For example, the Bankruptcy Court found that the COBRA services at issue utilized "Direct-Inward-Dial lines" that "allow for call reception but do not allow for call origination." *Id.* at 13.  Applying these facts to the law, the Bankruptcy Court held that COBRA service did not provide "the privilege of telephonic quality communication *with* substantially all telephone or radio telephone stations constituting a part of such local telephone system." *Id.* (emphasis in original).  Cases involving mixed questions of law and fact like these are not suitable for interlocutory appeal because they do not involve a controlling issue of law.  *CNI*, 358 B.R. at 79.

16.   There is no substantial ground for difference of opinion on the legal issues. For there to be substantial grounds for difference of opinion, the issue must involve more than a strong disagreement between the adversaries. *See Statutory Comm. of Unsecured Creditors v. Motorola, Inc. (In re Iridium Operating LLC)*, M-47 (WHP), 2003 WL 21507196, at *1 (S.D.N.Y. June 30, 2003). The mere fact that disagreements may exist among courts outside of the Second Circuit or that an issue is a question of first impression within the Second Circuit is insufficient to warrant interlocutory appellate review. *See Cromer Fin. Ltd. v. Berger*, No. 00-civ-2284 (DLC), 2001 U.S. Dist. LEXIS 11951 at *6-*7 (S.D.N.Y. Aug. 17, 2001) (citations omitted). Instead, a court must "examine 'the strength of the arguments in opposition to the challenged ruling'" to determine whether there is "a genuine doubt" that the bankruptcy court applied the correct legal standard. *See id.* (quoting *Flor v. Bot Fin. Corp.*, 79 F.3d 281, 284 (2d Cir. 1996)); *CNI*, 358 B.R. at 79.

17.   In this case, the Excise Tax Order is consistent with the holding of *USA Choice Internet Serv., Inc. v. United States*, 73 Fed. Cl. 780 (2006), as well as other decisional law interpreting the scope of 26 U.S.C. § 4252.[3] The Bankruptcy Court carefully reviewed the

---

[3]   One court has recently disagreed with the holding in *USA Choice*. *See Comcation v. U.S.*, No. 05-515T, 2007 U.S. Claims LEXIS 267 (Aug. 17, 2007). That court held, *inter alia*, that 26 U.S.C. § 4252 "does not require that the stations on either side of the line actually be telephones or that the communications be voice, rather than data," *Id.* at *39 n.18. Notwithstanding the *Comcation* decision, the Bankruptcy Court correctly held that the statute expressly requires the privilege of *telephonic* quality communication, and such privilege must extend to substantially all of the persons who have *telephone* stations in the local *telephone* system. *See* Excise Tax Opinion at 8, 11-13; *USA Choice*, 73 Fed. Cl., at 793-94. A decision that effectively removes the word "telephone" from a tax on "telephone" service should not create substantial grounds for difference of opinion.

authorities cited by the IRS and held that they were inapplicable to the circumstances of this case. As such, substantial grounds for difference of opinion do not exist.[4]

18.     Nor are there exceptional circumstances justifying immediate review of the Excise Tax Order. This is not a case where the Bankruptcy Court failed to weigh certain factors properly or where the IRS's interests were compromised. *See, e.g., Escondido Mission Village L.P. v. Best Prods. Co.*, 137 B.R. 114, 117 (S.D.N.Y. 1992) (exceptional circumstances justified immediate review of interlocutory order where bankruptcy court failed to weigh factors set forth in case law in making determination); *Net Realty Holding Trust v. R.H. Macy & Co. (In re R.H. Macy & Co.)*, No. 92 Civ. 3799, 1992 WL 322288 (S.D.N.Y. Oct. 28, 1992) (exceptional circumstances warranted interlocutory review of order granting open-ended extension of time within which to assume or reject unexpired leases because order did not adequately protect landlords). Here, the Excise Tax Order gave the Reorganized Debtors 90 days to calculate the amount of the refund, and gave the IRS 60 days to review and object to that calculation. If the IRS disagrees with the Reorganized Debtors' calculation, further proceedings will be held before the Bankruptcy Court. Indeed, there are <u>no</u> unique facts, nor is there any urgency, regarding the Excise Tax Order. Pending calculation of the amount of the refund, the IRS has no obligation to pay money and has not been deprived of a full and fair opportunity to be heard. Accordingly, the Excise Tax Order does not compromise the IRS's interests and exceptional circumstances justifying immediate review of the Excise Tax Order do not exist.

---

[4]     Although the IRS has not offered any grounds for reversal of the Excise Tax Order, we also note that it is well established that an interlocutory appeal is not warranted where other grounds for affirming the lower court's order *potentially* exist. *See In re Emergency Beacon Corp.*, 666 F.2d 754, 758 (2d Cir. 1981); *In re 127 John Street Assoc.*, M-47 (SHS), 2005 U.S. Dist. LEXIS 6729, at *18-*19 (S.D.N.Y. April 18, 2005) (citing *In re Pan Am Corp.*, 162 B.R. 667, 671-72 (S.D.N.Y. 1993); *In re Asusa, Inc.*, 47 B.R. 928, 932 (S.D.N.Y. 1985)).

19. Finally, immediate review the Excise Tax Order will waste judicial resources and delay the ultimate resolution of this litigation. Here, the Reorganized Debtors' refund claims and the IRS Claim arise from the same set of operative facts. If leave to appeal were denied, then few additional facts would need further development. By contrast, granting leave to appeal at this juncture will immediately result in piecemeal litigation before the Bankruptcy Court and this Court, increase the likelihood of multiple appeals (one on liability and another on damages), and delay entry of final judgment. In such a case, an interlocutory appeal does not materially advance the ultimate resolution of the litigation. *See CNI*, 358 B.R. at 80.

## CONCLUSION

For these reasons, the IRS's appeal of the Excise Tax Order should be dismissed and leave to file the appeal should be denied.

Dated: Houston, Texas
August 30, 2007

Respectfully submitted,

*/s/ Alfredo R. Pérez*
Marcia L. Goldstein, Esq. (MG 2606)
Lori R. Fife, Esq. (LF 2839)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

and

Alfredo R. Pérez, Esq. (AP 3629)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for the Reorganized Debtors