**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
In re                                                          :
                                                               :   Chapter 11
WORLDCOM, INC., et al.,                                        :
                                                               :   Case No. 02-13533  (AJG)
                                                               :
            Reorganized Debtors.                               :   (Jointly Administered)
---------------------------------------------------------------x
INTERNAL REVENUE SERVICE OF THE                                :
UNITED STATES OF AMERICA,                                      :
                                                               :   07 Civ. 07414 (DLC)
            Appellant,                                         :
                                                               :
v.                                                             :
                                                               :
WORLDCOM, INC., et al.,                                        :
                                                               :
            Appellees.                                         :
---------------------------------------------------------------x
```

**DECLARATION OF ALFREDO R. PÉREZ IN SUPPORT OF**
**REORGANIZED DEBTORS' MOTION TO DISMISS APPEAL OR FOR AN**
**ORDER DENYING THE IRS LEAVE TO FILE AN INTERLOCUTORY APPEAL**

ALFREDO R. PÉREZ, declares:

I am a partner in the law firm of Weil, Gotshal & Manges LLP and am counsel in this matter for Verizon Business Global LLC, successor by merger of the reorganized debtor WorldCom, Inc., and certain of its direct and indirect subsidiaries (collectively, the "Reorganized Debtors").[1]  I am over the age of 18 years and am in all ways competent to make this declaration.  I make this declaration in support of the Reorganized Debtor's motion pursuant to Rules 8003 and 8011 of the Federal Rules of Bankruptcy Procedure

---

[1] For ease of reference, the term "Reorganized Debtors" shall refer both to the reorganized debtors and to their predecessors-in-interest.  Docket numbers identified in this Declaration refer to the record on appeal from the Bankruptcy Court.

("FRBP") to dismiss appeal, or for an order denying the Internal Revenue Service of the United States of America (the "IRS") leave to file an interlocutory appeal (the "Motion"), dated August 29, 2007. Unless otherwise indicated, capitalized terms used herein shall have the meanings ascribed to them in the Motion. Unless otherwise stated, the following is based on my personal knowledge:

1. Since July 2002, I have served as one of the principal attorneys in my law firm acting as counsel to the Reorganized Debtors in these bankruptcy cases.

2. On July 2, 2004, the IRS filed a request for payment (Claim No. 38365, the "IRS Claim") against the Reorganized Debtors that contends the federal excise tax on local telephone service—a tax that is codified at 26 U.S.C. §§ 4251 and 4252(a)—applies to a service the Reorganized Debtors purchased in prior years known generally as COBRA (central office based remote access). The Reorganized Debtors submit that COBRA service was sold by local exchange carriers to convert analog data from dial-up-computer modems into high-speed data packets suitable for Internet networks.

3. The Reorganized Debtors filed an objection (Docket No. 12235, the "Objection") to the IRS Claim on the grounds that COBRA service does not fall within the statutory definition of a "local telephone service" set forth in 26 U.S.C. § 4252(a) and, therefore, is not subject to the telephone-excise tax.

4. In addition, the Reorganized Debtors filed a motion, dated January 31, 2006 (Docket No. 17945, the "Refund Motion"), that requested a determination of the Reorganized Debtors' right to a refund of telephone-excise taxes that were paid between 1998 and 2004 in connection with purchases of COBRA service. The Reorganized

Debtors also requested consolidation of the Refund Motion and the Objection pursuant to FRBP 9014 and 7042 on the grounds that these matters arose from the same set of operative facts. The IRS did not oppose consolidation of the Refund Motion with the Objection, and thus the matters were consolidated by order of the Bankruptcy Court (Docket No. 18972).

5. By Order, dated January 31, 2006 (Docket No. 17873, the "Scheduling Order"), the Bankruptcy Court scheduled an evidentiary hearing to consider whether the Reorganized Debtors are liable for payment of telephone-excise tax as alleged in the IRS Claim, or whether the IRS is liable for a refund of telephone-excise tax as alleged in the Refund Motion. Pursuant to the Scheduling Order, the Bankruptcy Court reserved its consideration of the amount of damages either party may have for a later date.

6. After hearing the evidence and arguments on liability, the Bankruptcy Court entered an Opinion on June 1, 2007 that granted both the Objection to the IRS Claim and the Refund Motion (Docket No. 18918, the "Excise Tax Opinion"). On June 27, 2007, the Bankruptcy Court signed an interlocutory order consistent with its June 1, 2007 Opinion (Docket No. 18972, the "Excise Tax Order"). The Excise Tax Order is interlocutory because, while the IRS Claim against the Reorganized Debtors has been disallowed, the amount of the refund due to Reorganized Debtors from the IRS remains pending before the Bankruptcy Court. To that end, the Bankruptcy Court directed the Reorganized Debtors to submit an affidavit within 90 days regarding the appropriate amount of the refund, and ordered the IRS to file any objection it has to such amount within 60 days thereafter. If the IRS objects, the Bankruptcy Court will conduct

further proceedings on the amount of the refund due to the Reorganized Debtors.

7. Despite the fact that a final judgment has not been entered against the IRS in these consolidated proceedings, on July 2, 2007, the IRS filed its notice of appeal from the Excise Tax Order (Docket No. 18977).

8. On July 12, 2007, the Reorganized Debtors filed a notice of motion to dismiss this appeal or for an order denying the IRS leave to file an interlocutory appeal, as well as their memorandum of law and declaration in support thereof. *See* Docket Nos. 18998, 18999, 19000. When the Clerk of the Bankruptcy Court transmitted the record to this Court, that motion was included in the record on appeal, but was not docketed for the Court's consideration. Accordingly, in an abundance of caution, the Reorganized Debtors are filing the Motion at this time for the Court's consideration.

9. As of the date hereof, the IRS has not filed a motion requesting leave to file an interlocutory appeal from the Excise Tax Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Houston, Texas
      August 30, 2007

                                                /s/ Alfredo R. Pérez
                                                Alfredo R. Pérez