

# WEIL, GOTSHAL & MANGES LLP

700 LOUISIANA
SUITE 1600
HOUSTON, TEXAS 77002

(713) 546-5000
FAX: (713) 224-9511

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

MEMO ENDORSED

ALFREDO R. PÉREZ
DIRECT LINE (713) 546-5040
E-MAIL: alfredo.pérez@weil.com

August 30, 2007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/31/07

**BY FEDERAL EXPRESS COURIER**

The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street, Room 1040
New York, New York 10007

Re: *Internal Revenue Service of the United States of America v. WorldCom, Inc. (In re WorldCom, Inc.)*, 07 Civ. 07414 (DLC), In the United States District Court for the Southern District of New York

Dear Judge Cote:

We represent Verizon Business Global LLC, successor by merger to reorganized debtor WorldCom, Inc., and certain of its affiliated entities (collectively, the "Reorganized Debtors") in their chapter 11 cases. The Internal Revenue Service ("IRS") has appealed from the order, entered by the Honorable Arthur J. Gonzalez of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), granting the Reorganized Debtors' objection to proof of claim no. 38365, filed by the IRS, and granting the Reorganized Debtors' motion for a determination of tax refund rights (the "Excise Tax Order").[1]

The parties each asserted claims in the proceedings below, with the IRS alleging that the Reorganized Debtors should pay federal excise tax assessed in connection with purchases of a data aggregation and conversion service known as COBRA (central office based remote access), and the Reorganized Debtors alleging that the government should refund excise tax that has been paid for COBRA service. By means of an agreed scheduling order, the

---

[1] The Notice of Appeal references a prior version of the Bankruptcy Court's order, dated June 22, 2007 [Docket No. 18950]. That order was subsequently replaced by a corrected order, dated June 27, 2007 [Docket No. 18972]. The docket numbers referenced in this letter are contained in the record from the Bankruptcy Court.

WEIL, GOTSHAL & MANGES LLP

The Honorable Denise L. Cote
August 30, 2007
Page 2

hearings on liability and damages were to be separately held. In the Excise Tax Order, the Bankruptcy Court determined that the Reorganized Debtors were not liable for the tax, determined that a tax refund was due from the government, and disallowed the government's claim. The Bankruptcy Court did not, however, adjudicate the amount of the tax refund due from the government. Instead, the Bankruptcy Court required the parties to conduct further proceedings below. Specifically, the Reorganized Debtors must submit an affidavit to the Bankruptcy Court regarding the refund amount by September 25, 2007. The IRS will then have sixty days to review and respond to the affidavit. If the IRS objects, another hearing will be scheduled before the Bankruptcy Court.

The IRS filed its Notice of Appeal from the Excise Tax Order without leave to file an interlocutory appeal. Because Bankruptcy Rule 8003(c) directs that a timely notice of appeal from an interlocutory order shall be regarded as a request for leave, the Reorganized Debtors filed opposition papers in the Bankruptcy Court to the Notice of Appeal, requesting that this Court dismiss the appeal, or alternatively, deny leave for an interlocutory appeal. *See* Docket Nos. 18998, 18999, 19000. When the Clerk of the Bankruptcy Court transmitted the record to this Court, the Reorganized Debtors' motion to dismiss was included in the record, but was not docketed for the Court's consideration. In an abundance of caution, the Reorganized Debtors have again filed a motion in this Court for an order dismissing the IRS's appeal, or, alternatively, for an order denying the IRS leave to file an interlocutory appeal (the "Motion to Dismiss").

In light of the pending Motion to Dismiss, and the approaching deadlines in the Bankruptcy Court, the Reorganized Debtors respectfully request that Your Honor toll the briefing schedule on the appeal pending a ruling on the Motion to Dismiss. The Reorganized Debtors have conferred with counsel for the government and have been informed that the IRS does not object to this request.

Respectfully submitted,

Alfredo R. Pérez

cc:   By E-Mail and Overnight Mail
      Benjamin H. Torrance, Esq. (Assistant United States Attorney)
      Danna Drori, Esq. (Assistant United States Attorney)

Granted.

/s/ Denise Cote
August 31, 2007