UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                      :
                                                           :    Chapter 11 Case No.
WORLDCOM, INC., et al.,                                    :    02-13533 (AJG)
                                                           :
                                                           :    (Jointly Administered)
                Reorganized Debtors.                       :
------------------------------------------------------------x

### ORDER GRANTING REORGANIZED DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 38365 AND MOTION FOR A DETERMINATION OF REFUND RIGHTS PURSUANT TO SECTION 505(a)(1) OF THE BANKRUPTCY CODE

Upon consideration of (1) the Reorganized Debtors' Objection to Proof of Claim No. 38365 (Department of Treasury Administrative Expense Claim), dated August 5, 2004 (Docket No. 12235, the "Objection"), and (2) the Reorganized Debtors' Motion, dated January 31, 2006, for a Determination of Refund Rights Pursuant to Section 505(a) of the Bankruptcy Code and for Consolidation of that Determination with the Objection Pursuant to Section 105 of the Bankruptcy Code and Rules 9014 and 7042 of the Federal Rules of Bankruptcy Procedure (Docket No. 17945, the "Refund Motion"),[1] the Court finds that, as stated on the record at a hearing on April 11, 2006, the IRS does not oppose the Reorganized Debtors' request for consolidation of the Objection with the Refund Motion, and the Court further finds that the Objection and the Refund Motion should be granted for the reasons set forth in the Court's Opinion Granting the Reorganized Debtors' Objection to Proof of Claim No. 38365 and Motion for a Determination of Refund Rights Pursuant to Section 505(a)(1) of the Bankruptcy Code, dated June 1, 2007.[2] Accordingly, the Court hereby ORDERS that:

---

[1] References herein to the "Reorganized Debtors" shall also include their predecessors in interest that were debtors in these chapter 11 cases.

[2] Capitalized terms that are used herein, but not defined, have the meanings ascribed to them in the Court's Opinion.

1. The Refund Motion is hereby consolidated with the Objection pursuant to Rules 7042 and 9014 of the Federal Rules of Bankruptcy Procedure.

2. The Reorganized Debtors' Objection is hereby granted, and Proofs of Claim Nos. 37947 and 38365 are hereby disallowed and expunged.

3. The Reorganized Debtors' Refund Motion is hereby granted. Accordingly, the IRS shall refund all Telecommunications Excise Tax paid by the Reorganized Debtors for purchases of COBRA services[3] to the extent that such tax was paid during the period beginning July 1, 1998, and ending December 31, 2004.

4. Unless otherwise ordered by the Court, within 90 days after entry of this Order the Reorganized Debtors shall file and serve an affidavit setting forth the specific amount of the refund due to the Reorganized Debtors (the "Tax Refund"). The United States shall have 60 days to object to the amount of the Tax Refund. If no objection is filed, the Court will enter an order directing the IRS to pay the Tax Refund to the Reorganized Debtors, plus interest provided by law until the Reorganized Debtors receive payment in full from the United States. If an objection is filed, a hearing on the amount of the Tax Refund will be held upon notice to the United States.

5. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York for the filing of a memorandum of law is waived with respect to the Objection and the Refund Motion.

New York, New York
June 27, 2007

s/Arthur J. Gonzalez
Honorable Arthur J. Gonzalez
United States Bankruptcy Judge

---

[3] For ease of reference, the term COBRA services is used herein to refer generically to central office based remote access services described in the Objection and the Refund Motion, regardless of whether the vendor of such services may have used another name for the service in the operative agreement between the parties.