**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                             :
                                                  :     **Chapter 11**
**WORLDCOM, INC., <u>et</u> <u>al.</u>,**         :
                                                  :     **Case No. 02-13533  (AJG)**
                                                  :
           **Reorganized Debtors.**               :     **(Jointly Administered)**
---------------------------------------------------------------x

**INTERNAL REVENUE SERVICE,**                     :
                                                  :     **07 Civ. 07414 (BSJ)**
                      **Appellant,**              :
                                                  :
v.                                                :
                                                  :
**WORLDCOM, INC., <u>et</u> <u>al.</u>,**         :
                                                  :
                                                  :
                      **Appellees.**              :
---------------------------------------------------------------x


**REORGANIZED DEBTORS' REPLY TO THE INTERNAL REVENUE SERVICE'S OPPOSITION TO REORGANIZED DEBTORS' MOTION TO DISMISS APPEAL OR FOR AN ORDER DENYING THE INTERNAL REVENUE SERVICE <u>LEAVE TO FILE AN INTERLOCUTORY APPEAL</u>**

WEIL, GOTSHAL & MANGES LLP
Marcia L. Goldstein, Esq. (MG 2606)
Lori R. Fife, Esq. (LF 2839)
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

             -and-

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez, Esq. (AP 3629)
700 Louisiana, Suite 1600
Houston, TX  77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

*Attorneys for the Reorganized Debtors*

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................. 1
PERTINENT FACTS ............................................................................................................ 4
ARGUMENT ......................................................................................................................... 4
    A.    The Appeal Should Be Dismissed Because The Excise Tax Order Is Not Final ............................................................................................................. 4
    B.    The IRS Posits Harm From Delayed Review That Does Not Exist ....................... 6
    C.    The Standards For Discretionary Review Are Not Met......................................... 9
CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Am. Preferred Prescription, Inc.*, 255 F.3d 87 (2d Cir. 2001) ................................... 8

*Brewer v. Cootes Drive LLC*, 98 Fed. Appx. 41 (2d Cir. 2004) ..................................... 2, 5

*Cantrell v. GAF Corp.*, 999 F.2d 1007 (6th Cir. 1993) ........................................................ 5

*In re Chateaugay Corp.*, 876 F.2d 8 (2d Cir. 1989) ......................................................... 2, 7

*In re Chateaugay Corp.*, 928 F.2d 63 (2d Cir. 1991) ............................................................ 4

*Cromer Fin. Ltd. v. Berger*, No. 00-civ-2284 (DLC), 2001 U.S. Dist. LEXIS 11951 (S.D.N.Y. Aug. 17, 2001) ................................................................................ 6

*Delta Air Lines v. A.I. Leasing II, Inc. (In re Pan Am Corp.)*, 159 B.R. 396 (S.D.N.Y. 1993) ............................................................................................................ 4

*Enron Corp. v. Citigroup, Inc. (In re Enron Corp.)*, 349 B.R. 108 (Bankr. S.D.N.Y. 2006) ............................................................................................................ 8

*Ernst & Young v. Bankruptcy Serv. Inc. (In re CBI Holding Co.)*, 311 B.R. 350 (S.D.N.Y. 2004) ..................................................................................................... 2, 8, 9

*Escondido Mission Village L.P. v. Best Prods. Co.*, 137 B.R. 114 (S.D.N.Y. 1992) .................................................................................................................................. 6

*Flanagan v. United States*, 465 U.S. 259 (1984) ................................................................. 6

*Fortis, Inc. v. United States*, 420 F. Supp. 2d 166 (S.D.N.Y.), *aff'd*, 447 F.3d 190 (2d Cir. 2006) .................................................................................................... 2, 3, 10

*Georgeff v. United States*, 67 Fed. Cl. 598 (2005) .............................................................. 7

*Hageman v. City Inv. Co.*, 851 F.2d 69 (2d Cir. 1988) ..................................................... 2, 5

*In re Johns-Manville Corp.*, 7 F.3d 32 (2d Cir. 1993) ......................................................... 8

*Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863 (2d Cir. 1996) ........................................ 6

*Langenkamp v. Culp*, 498 U.S. 42 (1991) ........................................................................... 8

*Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737 (1976) ........................................... 3

*Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223 (2d Cir. 2002) ........................................................................................................................8

*MCI WorldCom Commc'ns v. Commc'ns Network Int'l, Ltd. (In re WorldCom, Inc.)*, 358 B.R. 76 (S.D.N.Y. 2006) ......................................................................10

*In re Men's Sportswear, Inc.*, 834 F.2d 1134 (2d Cir. 1987) ...............................................9

*Shimer v. Fugazy (In re Fugazy Express)*, 982 F.2d 769 (2d Cir. 1992) ........................3, 7

*Statutory Comm. of Unsecured Creditors. v. Motorola, Inc. (In re Iridium Operating LLC)*, 285 B.R. 822 (S.D.N.Y. 2002) ........................................................8

*In re United States Lines, Inc.*, 197 F.3d 631 (2d Cir. 1999) ..............................................8

*In re WorldCom Sec. Litig.*, 02-c 2003 WL 22953644 (S.D.N.Y. Dec. 16, 2003) ..............9

**FEDERAL STATUTES AND RULES**

11 U.S.C. § 106(c) .................................................................................................................8

11 U.S.C. § 541(a)(1) ............................................................................................................8

11 U.S.C. § 541(a)(7) ............................................................................................................8

11 U.S.C. § 1141(b) ..............................................................................................................8

26 U.S.C. § 4252(a) ....................................................................................................2, 9, 10

26 U.S.C. § 6532(a)(1) .........................................................................................................7

26 U.S.C. § 7422(a) ..............................................................................................................7

28 U.S.C. § 157(b)(2) ...........................................................................................................8

28 U.S.C. § 158(a)(3) ........................................................................................................1, 6

28 U.S.C. § 158(c)(2) ...........................................................................................................6

28 U.S.C. § 158(d) ................................................................................................................7

28 U.S.C. § 1292(b) ..............................................................................................................6

FED. R. CIV. P. 54(b) .............................................................................................................4

FED. R. BANKR. P. 7042 ........................................................................................................4

FED. R. BANKR. P. 7054(a) ............................................................................................... 4, 5

FED. R. BANKR. P. 8003(a) .................................................................................................. 6

FED. R. BANKR. P. 9014(c) .................................................................................................. 4

**INTRODUCTION**

The IRS[1] makes three erroneous arguments in support of its bid for immediate appeal. The IRS argues that the Excise Tax Order is final because it "resolved the separate proceeding" on the Reorganized Debtors' Objection to the IRS Claim, arguing that the uncontested consolidation of the Objection with the Refund Motion was "necessarily limited."[2] The IRS next asserts that the Court should broadly construe 28 U.S.C. § 158(a)(3) because, otherwise, the IRS may be precluded from ultimate review by the Second Circuit and will need to raise new objections to consolidation regarding subject-matter jurisdiction and sovereign immunity that were <u>not</u> raised at trial.[3] The IRS also contends that discretionary review is warranted because reversal of the court below would "moot" the Refund Motion, the telephone-excise tax on local telephone service is an issue of "first impression" in this Circuit and courts in other jurisdictions disagree over its application, and immediate review will eliminate the need to litigate over the amount of the refund due from the IRS.[4]

These arguments lack merit for the reasons explained below:

- **The Excise Tax Order is not "final" as the IRS contends.** The Excise Tax Order cannot be final and, at the same time, contemplate additional "complex and time-consuming litigation"[5] as the IRS contends. Indeed, the IRS admits that the factual and legal issues raised in the consolidated matters are the same.[6] It is well established that where, as here,

---

[1] Unless otherwise defined, capitalized terms have the meanings ascribed to them in the Reorganized Debtors' Motion to Dismiss Appeal, dated August 30, 2007 (the "<u>Motion</u>"). References to the record on appeal are reflected by a "D." for docket and the Bankruptcy Court document number, then "<u>Ex.</u>" and an exhibit number. The Appendix attached to the Reply Declaration of Alfredo Pérez contains all Exhibits, as well as a courtesy copy of the statutes cited in the Motion and this Reply.

[2] Opp. Br. at 7-9.

[3] Opp. Br. at 14-20.

[4] Opp. Br. at 20-25.

[5] Opp. Br. at 2.

[6] Opp. Br. at 9-10 (noting that the "bankruptcy court has already decided the central and determinative issue at the heart of both the Objection and the Refund Motion").

consolidated actions arise from the same "crux" of issues, there are no "highly unusual circumstances" that warrant departure from the policy against interlocutory appeals.[7]

- **There is no harm to the IRS if the Court denies an immediate appeal.**  Although the IRS posits ambiguity regarding its appellate rights, the opposite is true.  It is a matter of settled law in the Second Circuit that if this Court denies the IRS leave to appeal, the IRS could appeal that decision to the Second Circuit for review of this Court's decision that the Excise Tax Order is interlocutory.[8]  Similarly, the IRS's desire to avoid briefing objections regarding sovereign immunity and jurisdiction that, in its words, recently came to the IRS's attention, does not warrant immediate review.  The IRS's stated basis for these new arguments – that "there is no longer any bankruptcy 'estate'"[9] – has been raised, and rejected, in this district before.[10]  The IRS's concerns are simply misplaced.

- **The standards for discretionary review are not met.**  Contrary to the IRS's assertions, reversal of the Excise Tax Order would not make the Refund Motion moot.  Instead, the Bankruptcy Court would be required to decide additional factual issues raised at trial, such as whether COBRA service is excluded from taxation under 26 U.S.C. § 4252(a) because it is a private communication service or because it does not provide the privilege of telephonic quality communication.  Also contrary to the IRS's allegations, interpretation of the federal excise tax on local telephone service is not a matter of first impression.  In *Fortis v. United States*, the Second Circuit affirmed Judge Koetle's well-reasoned opinion that local telephone service "plainly" involves the ability to "make calls."[11]  Although the IRS qualifies its argument by distinguishing "COBRA-like services,"[12] that is a distinction without a difference.  The Bankruptcy Court followed precedent, both in this Circuit and elsewhere, thus precluding interlocutory review.

Moreover, many of the complaints the IRS now raises regarding the proceedings below, which they believe weigh in favor of an immediate appeal, were either never raised before the Bankruptcy Court or were the subject of agreements between the IRS and the Reorganized

---

[7]  *See, e.g.*, *Brewer v. Cootes Drive LLC*, 98 Fed. Appx. 41, 43-44 (2d Cir. 2004); *Hageman v. City Inv. Co.*, 851 F.2d 69, 71-72 (2d Cir. 1988) (granting motion to dismiss appeal where, as here, the parties in consolidated actions were the same, where, as here, the crux of both actions was the same, and where, as here, there was no harm from delaying appellate review).

[8]  *In re Chateaugay Corp.*, 876 F.2d 8, 9 (2d Cir. 1989).

[9]  Opp. Br. at 19, 19 n.12.

[10]  *See Ernst & Young v. Bankruptcy Servs. Inc. (In re CBI Holding Co.)*, 311 B.R. 350, 364 n.6 (S.D.N.Y. 2004) (noting that the plan at issue expressly provided for post-confirmation jurisdiction over the "estates").  Here, as in *CBI Holding*, the Bankruptcy Court expressly retained jurisdiction to "recover all assets of the Debtors and property of the Debtors' *estates*, wherever located."  D.9686 (Ex. 1, Plan of Reorganization), at § 12.01(j).

[11]  *Fortis, Inc. v. United States*, 420 F. Supp. 2d 166, 184 (S.D.N.Y.), *aff'd*, 447 F.3d 190, 191 (2d Cir. 2006).

[12]  Opp. Br. at 23.

Debtors that were approved by the Bankruptcy Court.  Indeed, the Bankruptcy Court reached its decision on COBRA service *after* (1) the IRS invoked the jurisdiction of the court below by filing a claim against the Reorganized Debtors,[13] (2) the Reorganized Debtors filed their Objection to the IRS Claim,[14] (3) the Reorganized Debtors asserted a corresponding claim for refunds that arose from the same operative facts and circumstances,[15] (4) the Refund Motion incorporated the Objection by reference[16] and requested consolidation in order "to prevent the parties from wasting limited resources while litigating these issues in different courts,"[17] (5) by agreement of the parties, the Bankruptcy Court ordered that the hearings on liability and the amount of either party's claim would be separately held,[18] (6) the IRS consented to an amended scheduling order that set the hearing on the Refund Motion for April 11, 2006,[19] (7) the IRS filed no objection to the Reorganized Debtors' Refund Motion prior to the April 11 hearing, or at any time since the April 11 hearing, and (8) at the April 11 hearing, the IRS consented to consolidation of the Refund Motion with the Objection.[20]

Following this course of events, the Bankruptcy Court entered an interlocutory order, which holds for the Reorganized Debtors on all liability issues, but also establishes a schedule to adduce additional evidence on the amount of the Reorganized Debtors' tax-refund claim.[21]  The

---

[13]   (Ex. 2, IRS Claim); Opp. Br. at 7 admits this fact.

[14]   D.12235 (Ex. 3, Objection to IRS Claim); Opp. Br. at 7 admits this fact.

[15]   D.17945 (Ex. 5, Refund Motion); Opp. Br. at 9-10 admits this fact.

[16]   D.17945 (Ex. 5, Refund Motion) at ¶ 14.

[17]   *Id.* at ¶ 20.

[18]   D.17873 (Ex. 4, Jan. 31, 2006 Scheduling Order); Opp. Br. at 4 admits this fact.

[19]   D.18083 (Ex. 6, March 27, 2006 Amended Scheduling Order).

[20]   D.18286 (Ex. 7, 4/11/2006 Hr'g Tr. at 23:6-17); Opp. Br. at 5 admits this fact.

[21]   *See Shimer v. Fugazy (In re Fugazy Express)*, 982 F.2d 769, 775 (2d Cir. 1992) (citing, *e.g.*, *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976)).  The Reorganized Debtors and IRS have agreed to extend the deadline for the submission of evidence regarding the amount of the refund claims by forty-five days.

IRS then filed a notice of appeal on July 2, 2007, even though it neither moved for leave to file an interlocutory appeal nor sought certification from the Bankruptcy Court under Bankruptcy Rules 7054(a) and 9014(c), which apply Federal Rule of Civil Procedure 54(b) to a contested matter like this one.

The Reorganized Debtors respectfully request that the proposed appeal of the Excise Tax Order be dismissed because it is interlocutory. In the event the Court treats the IRS's notice of appeal as a motion for leave to appeal, the Reorganized Debtors request that the Court deny the IRS leave to appeal the Excise Tax Order.

## PERTINENT FACTS

The facts are set forth in the Motion, as well as in the Reply Declaration of Alfredo R. Pérez, both of which are incorporated here.

## ARGUMENT

A.   *THE APPEAL SHOULD BE DISMISSED BECAUSE THE EXCISE TAX ORDER IS NOT FINAL*

An order that contemplates additional hearings and evidence regarding the amount of a refund due to a party who prevailed on issues of liability is not a final order.[22] Moreover, when matters have been consolidated under Bankruptcy Rule 7042, the Second Circuit requires "strict compliance with Rule 54(b)" before an interlocutory appeal can be taken.[23]

Nevertheless, the IRS argues that the Excise Tax Order is final under an exception enunciated by the Second Circuit in *Hageman*.[24] As the IRS acknowledges, however, the Second Circuit held in *Hageman* that it had no jurisdiction over that appeal because it did not

---

[22]   Mot. at ¶¶ 11-12 (citing authorities).

[23]   *In re Chateaugay Corp.*, 928 F.2d 63, 64 (2d Cir. 1991); *Delta Air Lines v. A.I. Leasing II, Inc. (In re Pan Am Corp.)*, 159 B.R. 396, 400 (S.D.N.Y. 1993).

[24]   Opp. Br. at 8-10.

present "highly unusual circumstances."[25] The Second Circuit has repeatedly held that no unusual circumstances exist when (i) the "crux" of the consolidated actions is the same, (ii) the trial court does not indicate that it is consolidating matters "for limited purposes," and (iii) there is no harm to the appellant.[26] Here, the "unusual circumstances" relied upon by the IRS are its new, and unfounded, objections to a request for consolidation that was *uncontested* at trial. It is well-established that when a party fails to object to consolidation of separate matters, it waives any right to complain about consolidation later.[27] Moreover, the facts of this case do not support the argument the IRS attempts to make. The IRS acknowledges that the crux of the Refund Motion and the Objection is the *same*.[28] The IRS contends that consolidation was for a limited purpose, but nothing in the record shows it was limited. Indeed, "neither party introduced testimony or other evidence specifically directed to the Refund Motion"[29] for the simple reason that, as the IRS acknowledges, the issues "at the heart" of both matters were the same,[30] the Refund Motion incorporated the facts and legal arguments of the Objection by reference, and the request for consolidation was uncontested.

There simply is no cause here to abandon the requirements of Bankruptcy Rule 7054. Because the IRS failed to object to consolidation, or seek certification from the Bankruptcy Court, its appeal should be dismissed.

---

[25]   *Hageman*, 851 F.2d at 71-72.

[26]   *See id.* at 71; *Brewer*, 98 Fed. Appx. at 43.

[27]   *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

[28]   Opp. Br. at 10.

[29]   *Id.* at 9.

[30]   *Id.* at 10.

### B. *THE IRS POSITS HARM FROM DELAYED REVIEW THAT DOES NOT EXIST*

Starting from a false premise – that the IRS's appellate rights will be compromised by dismissal of this appeal – the IRS argues that this Court should interpret 28 U.S.C. § 158(a)(3) broadly and without guidance from any other rules or statutes, including 28 U.S.C. § 1292(b).[31] This argument is incorrect for at least three reasons.  <u>First</u>, subsection 158(c)(2) expressly provides that an appeal taken under subsection 158(a), as here, "shall be taken in the *same manner* as appeals in civil proceedings generally are taken to the courts of appeals from the district courts."[32]  It is therefore entirely appropriate, if not required, for this Court to look to the standards of section 1292(b) as it has done in the past.[33]  <u>Second</u>, even if the standards of section 1292(b) do not apply, the requirements of Bankruptcy Rule 8003(a) do.  The IRS has not explained why it should be excused from compliance with the threshold requirements of that rule.  <u>Third</u>, the latitude the IRS seeks to import into section 158(a)(3) runs counter to the "basic tenet of federal law to delay appellate review until a final judgment has been entered."[34]

The harms posited by the IRS if this Court fails to grant leave are illusory.  The IRS argues that its appellate rights before the Second Circuit will be compromised without leave to appeal immediately.  This argument misconstrues the law governing appellate review in this Circuit for at least two reasons.  <u>First</u>, the Second Circuit has already held that an order, like the Excise Tax Order, which grants judgment on the issue of liability, but requires a calculation of

---

[31] *Id.* at 11-14.

[32] *See also Escondido Mission Village L.P. v. Best Prods. Co.*, 137 B.R. 114, 116 (S.D.N.Y. 1992) (citing 28 U.S.C. § 158(c)(2) for authority that an interlocutory appeal from a bankruptcy court order should follow the standard governing interlocutory appeals from the district courts).

[33] *See, e.g., Cromer Fin. Ltd. v. Berger*, No. 00-civ-2284 (DLC), 2001 U.S. Dist. LEXIS 11951 at *3-*4 (S.D.N.Y. Aug. 17, 2001)

[34] *Id.* at *3 (citing *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996)); *see also Flanagan v. United States*, 465 U.S. 259, 263-264 (1984) (noting that the "final judgment rule" preserves the respect due trial judges, reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals, and is crucial to the efficient administration of justice).

the amount due to the prevailing party, is not an appealable final order.[35]  <u>Second</u>, even if there were some doubt that the Excise Tax Order is interlocutory (and there isn't), any decision by this Court denying leave to appeal is reviewable by the Second Circuit under 28 U.S.C. § 158(d) for "the limited purpose of reviewing [the district court's] decision that the bankruptcy court's decision was interlocutory."[36]  Accordingly, if this Court dismisses the IRS's interlocutory appeal for lack of jurisdiction, the IRS can seek preliminary review of that decision from the Second Circuit.

The IRS also contends that, absent immediate review of an interlocutory order, it "will otherwise be constrained" to raise new objections to consolidation based on subject-matter jurisdiction and sovereign immunity.  But every interlocutory order, by definition, contemplates further litigation by the litigants.  The IRS essentially invites the Court to adopt a "standard" for interlocutory appeals that would always be met.   This is not the law, and even if it were the law, these new concerns about jurisdiction and immunity are both without merit.

The IRS concedes that sovereign immunity does not bar the refund claims at issue by contending that the Reorganized Debtors "should have filed the Refund Motion as an ordinary tax refund suit in either the district court or the Court of Federal Claims."[37]  Congress has waived sovereign immunity in *every* tax refund action brought, as here, more than six months after the filing of an administrative claim for refund.[38]  Congress also waived sovereign immunity in section 106(b) of the Bankruptcy Code when, as here, the IRS files a claim against the estate and a claim is then filed against the IRS "that is property of the estate and that arose out of the same

---

[35]   *In re Fugazy Express*, 982 F.2d at 775.

[36]   *In re Chateaugay Corp.*, 876 F.2d at 9; *see also In re Fugazy Express*, 982 F.2d at 775 (reviewing district court decision to determine whether the underlying bankruptcy court order was final or not).

[37]   Opp. Br. at 19.

[38]   *Georgeff v. United States*, 67 Fed. Cl. 598 (2005); 26 U.S.C. §§ 6532(a)(1), 7422(a).

transaction or occurrence out of which the claim of [the IRS] arose."[39]  Confirmation of a plan does not alter the waiver because all property of the estate vests in the reorganized debtor by operation of law.[40]  Sovereign immunity does not apply.[41]

The jurisdictional concerns raised by the IRS for the first time on this appeal misconstrue precedent and the facts of this case.  In the Second Circuit, "subject-matter jurisdiction concerns a court's authority to make any ruling on the merits of an issue."[42]  After a plan of reorganization becomes effective, the bankruptcy court retains jurisdiction (1) to the extent that the proceeding at issue is "not independent of the reorganization,"[43] and (2) to the extent such jurisdiction is provided for in the plan of reorganization.[44]  When, as here, a creditor files a claim, another proceeding commenced by a reorganized debtor that is "tantamount to a counterclaim" is properly considered part of the bankruptcy court's core jurisdiction.[45]  The Bankruptcy Court's jurisdiction is further supported by the plan of reorganization, which expressly provided that the court below would retain jurisdiction over, *inter alia*, actions to recover assets of the debtors and property of the estates, and matters concerning federal taxes in accordance with section 505 of

---

[39]  11 U.S.C. § 106(c); *see also* 11 U.S.C. § 541(a)(1), (7) (providing that property of the estate includes all interests of the debtor in property on the commencement date *and* interests in property that the estate acquires after the commencement date).

[40]  11 U.S.C. § 1141(b).

[41]  In addition, section 106(a) of the Bankruptcy Code does not simply "waive" immunity defenses in an action under section 505 of the Bankruptcy Code, it "abrogates" them.  The term "abrogate" means: "To annul, cancel, revoke, repeal, or destroy." BLACK'S LAW DICTIONARY at 8 (6th ed. 1990).  Congress, therefore, has expressly precluded IRS from raising sovereign immunity as a defense to a motion under section 505.

[42]  *In re Am. Preferred Prescription, Inc.*, 255 F.3d 87, 94-95 (2d Cir. 2001).

[43]  *Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 229 (2d Cir. 2002).  A proceeding may be part of the bankruptcy court's "core" jurisdiction under 28 U.S.C. § 157(b)(2) if it is unique to bankruptcy proceedings or if it "directly affect[s] a core bankruptcy function." *In re United States Lines, Inc.*, 197 F.3d 631, 637 (2d Cir. 1999).

[44]  *In re Johns-Manville Corp.*, 7 F.3d 32, 34 (2d Cir. 1993).

[45]  *Statutory Comm. of Unsecured Creditors. v. Motorola, Inc. (In re Iridium Operating LLC)*, 285 B.R. 822, 830-31 (S.D.N.Y. 2002); *CBI Holding Co.*, 311 B.R. at 360-61; *Enron Corp. v. Citigroup, Inc. (In re Enron Corp.)*, 349 B.R. 108, 112 (Bankr. S.D.N.Y. 2006); *see also Langenkamp v. Culp*, 498 U.S. 42, 44 (1991) (holding that when a creditor files a claim it subjects itself to the bankruptcy court's equitable power).

the Bankruptcy Code.[46] Even if the Refund Motion was not a "core" proceeding as the IRS seems to suggest,[47] the IRS expressly consented to the Bankruptcy Court's non-core jurisdiction and thus the objections it now raises for the first time on this appeal have been waived.[48]

C.  *THE STANDARDS FOR DISCRETIONARY REVIEW ARE NOT MET*

Discretionary leave to appeal should be "reserved for those cases where an immediate appeal may avoid protracted litigation."[49] The IRS suggests that this is just such a case because "reversal of the Excise Tax Order would necessarily terminate the entire litigation: the Refund Motion would be moot."[50] The IRS incorrectly assumes, however, that reversal would also render judgment in favor of the IRS on issues of liability *and* the amount of its claim. To the contrary, even if the Excise Tax Order were reversed, the Bankruptcy Court could still render judgment in favor of the Reorganized Debtors on all liability issues based on other evidence admitted at trial, such as evidence that COBRA is excluded from taxation under 26 U.S.C. §§ 4252(a) and (d) because it is a private communication service and because it does not provide the privilege of telephonic quality communication.[51] Also, even if the Bankruptcy Court ruled against the Reorganized Debtors on these factual issues, the Bankruptcy Court reserved its determination of the amount of *either* party's claim for determination at a later date and would

---

[46] *See* D. 9686 (Ex. 1, Plan of Reorganization) at § 12.01(j), (k); *CBI Holding Co.*, 311 B.R. at 364 (holding that counterclaims against a creditor under a confirmed plan of reorganization were part of bankruptcy court's core jurisdiction because actions of the "estate," as here, were provided for in debtor's plan).

[47] Opp. Br. at 19 n.12.

[48] *In re Men's Sportswear, Inc.*, 834 F.2d 1134, 1138 (2d Cir. 1987) (holding that a party's failure to object to assumption of "core jurisdiction" by a bankruptcy court at any point in the proceedings constitutes consent to the final adjudication of the controversy before the bankruptcy court).

[49] *In re WorldCom Sec. Litig.*, 02-civ.-3288 (DLC), 2003 WL 22953644, at *4 (S.D.N.Y. Dec. 16, 2003).

[50] Opp. Br. at 21.

[51] *See* D.17959, (Ex. 11, 2/1/06 Hr'g Tr. at 90:20 -- 91:25, 92:2 -- 92:6) (stating that the Reorganized Debtors paid a separate charge for COBRA service and that such services were for their exclusive use, which would qualify COBRA service as a tax-free private communications service under 26 U.S.C. § 4252(a), (d)). In addition, the Excise Tax Opinion (Ex. 9, at 10-11) highlights factual issues that remain undecided and that could, if decided in the Reorganized Debtors' favor, support the Refund Motion and the Objection.

still need to conduct further proceedings on the amount of the IRS claim.[52]  Given the necessity of additional proceedings, appellate review at this juncture does not materially advance this case.

Moreover, the IRS wrongly concludes that the issues raised in this matter are of first impression.  It is settled law in this Circuit that, for purposes of 26 U.S.C. § 4252(a), "[l]ocal [telephone] service plainly involves the telephone users' presence in, and their ability to make calls within, a limited geographic area."[53]  Consistent with the Second Circuit's holding in *Fortis*, the Bankruptcy Court held below that the Reorganized Debtors cannot be taxed for "local telephone service" when they purchase an Internet-data service called COBRA that is, as even the IRS acknowledges, ***incapable of making telephone calls***.[54]  The Bankruptcy Court, therefore, followed precedent, both in this Circuit and elsewhere, thus precluding interlocutory review.

At bottom, mixed questions of law and fact control the outcome of this case.[55]  As the decision below indicates, this case boils down to whether a service that "translates the audio representations of data into the TCP/IP Internet protocol, and then aggregates that digital data into a high-speed datastream," can be characterized as local telephone service.[56]  The IRS has failed to justify interlocutory review of these issues.

---

[52]  D.17873 (Ex. 4, Jan. 31, 2006 Scheduling Order) at ¶ 2.

[53]  *Fortis, Inc. v. United States*, 420 F. Supp. 2d 166, 184 (S.D.N.Y.), *aff'd*, 447 F.3d 190, 191 (2d Cir. 2006).

[54]  In its Opposition Brief, dated September 12, 2007, IRS incorrectly states that the parties also agreed that "COBRA, as purchased, allowed for call reception."  (Opp. Br. at 6).  To the contrary, the Reorganized Debtors' expert testified that COBRA service does not allow call reception. D.17959, (Ex. 11, 2/1/06 Hr'g Tr. at 75:21 -- 75:25, 76:14 -- 76:22) (stating that COBRA cannot be used to make *or receive* phone calls)). Even the government's own expert witness acknowledged that (i) COBRA service provided a high-speed datastream in Internet protocol instead of the time-data-multiplex signals that are compatible with the public switched telephone network, and (ii) COBRA service did not allow a telephone user to dial up and access the COBRA system.  (*See id.*, 2/1/06 Hr'g Tr. at 197:5 – 199:8).

[55]  *MCI WorldCom Commc'ns v. Commc'ns Network Int'l, Ltd. (In re WorldCom)*, 358 B.R. 76, 79 (S.D.N.Y. 2006) (holding that interlocutory review is not appropriate for mixed questions of law and fact).

[56]  Excise Tax Opinion (Ex. 9) at 10.

## CONCLUSION

For all the foregoing reasons, the IRS's appeal of the Excise Tax Order should be dismissed and leave to file the appeal should be denied.

Dated:    Houston, Texas
          September 19, 2007

Respectfully submitted,

  /s/  *Alfredo R. Pérez*
Marcia L. Goldstein, Esq. (MG 2606)
Lori R. Fife, Esq. (LF 2839)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
        and
Alfredo R. Pérez, Esq. (AP 3629)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX  77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for the Reorganized Debtors

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply was duly served by ECF electronic mail and/or by United States mail, postage prepaid, on the parties listed below on the 19th day of September, 2007.

/s/ *Alfredo R. Pérez*
Alfredo R. Pérez

Michael J. Garcia, U.S. Attorney
86 Chambers St., 3rd Floor
New York, NY   10007
Attn:  Danna Drori, Esq.