WEIL, GOTSHAL & MANGES LLP
Attorneys for Reorganized Debtors
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Marcia L. Goldstein, Esq. (MG 2606)
Lori R. Fife, Esq. (LF 2839)
Alfredo R. Pérez, Esq. (AP 3629)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : |
| | : Chapter 11 |
| **WORLDCOM, INC., et al.,** | : |
| | : Case No. 02-13533  (AJG) |
| | : |
| Reorganized Debtors. | : (Jointly Administered) |
| | |
| **INTERNAL REVENUE SERVICE,** | : |
| | : 07 Civ. 07414 (BSJ) |
| Appellant, | : |
| | : |
| v. | : |
| | : |
| **WORLDCOM, INC., et al.,** | : |
| | : |
| | : |
| Appellees. | : |

**REPLY DECLARATION OF ALFREDO R. PÉREZ IN SUPPORT OF REORGANIZED DEBTORS' MOTION TO DISMISS APPEAL OR FOR AN ORDER DENYING THE IRS LEAVE TO FILE AN INTERLOCUTORY APPEAL**

ALFREDO R. PÉREZ, declares:

I am a partner in the law firm of Weil, Gotshal & Manges LLP and am counsel in this matter for Verizon Business Global LLC, successor by merger of the reorganized debtor WorldCom, Inc., and certain of its direct and indirect subsidiaries (as applicable,

the "Debtors" or the "Reorganized Debtors").[1]  I am over the age of 18 years and am in all ways competent to make this declaration.  I make this reply declaration in support of the following:

(a) the Reorganized Debtor's motion pursuant to Rules 8003 and 8011 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to dismiss appeal, or for an order denying the Internal Revenue Service of the United States of America (the "IRS") leave to file an interlocutory appeal, dated July 12, 2007 (the "Motion"); and

(b) the Reorganized Debtors' reply, dated September 19, 2007 (the "Reply"), to the IRS's brief in opposition to the Motion.

Unless otherwise indicated, capitalized terms used herein shall have the meanings ascribed to them in the Motion.  Unless otherwise stated, the following is based on my personal knowledge:

1. Since July 2002, I have served as one of the principal attorneys in my law firm acting as counsel to the Reorganized Debtors in these bankruptcy cases.

## THE CHAPTER 11 CASES

2. On July 21, 2002 (the "Commencement Date") and November 8, 2002, WorldCom, Inc. and certain of its direct and indirect subsidiaries commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On October 31, 2003, Bankruptcy Judge Arthur J. Gonzalez (the "Bankruptcy Court") entered an order (the "Confirmation Order") confirming the

---

[1] References to the record on appeal are reflected by a "D." for docket, the document number from the Bankruptcy Court, then "Ex." and an exhibit number.  The Appendix attached to this Declaration contains all Exhibits, as well as a courtesy copy of the statutes cited in the Motion and the Reply.

Debtors' Modified Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan").[2]

4. On April 20, 2004 (the "Effective Date"), the Plan became effective in accordance with its terms.

5. Pursuant to paragraph 32 of the Confirmation Order, and section 12.01 of the Plan, the Bankruptcy Court retained exclusive jurisdiction over "all matters arising out of, and related to" the Debtors' chapter 11 cases, for various purposes, including the following:

> To hear and determine any and all adversary proceedings, applications and contested matters;
>
> To hear and determine any objection to Administrative Expense Claims or Claims;
>
> To recover all assets of the Debtors and property of the Debtors' estates, wherever located;
>
> To hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;
>
> To resolve any Disputed Claims; and
>
> To hear any other matter not inconsistent with the Bankruptcy Code.[3]

---

[2] D.9686 (Confirmation Order and Plan) (Ex. 1). The Plan is attached to the Confirmation Order as Ex. A thereto. Only relevant portions of the Plan have been included in the attached Appendix of record evidence and other items.

[3] D.9686 (Ex. 1), Confirmation Order ¶ 32(b), (c), (j), (k), (l), (n), and Plan § 12.01(b), (c), (j), (k), (l), (n).

**BANKRUPTCY COURT PROCEEDINGS REGARDING COBRA SERVICE**

6. On July 2, 2004, the IRS filed a proof of claim[4] requesting payment of administrative priority taxes against the Reorganized Debtors that contends the federal excise tax on local telephone service[5] applies to a service the Reorganized Debtors purchased in prior years generally known as COBRA (central office based remote access).

7. On August 5, 2004, the Reorganized Debtors filed an objection (the "Objection")[6] to the IRS Claim on the grounds that COBRA service does not fall within the statutory definition of a "local telephone service" set forth in 26 U.S.C. § 4252(a) and, therefore, is not subject to the telephone-excise tax. COBRA service was sold by local exchange carriers to convert analog data from dial-up-computer modems into high-speed data packets suitable for Internet networks.

8. On January 12, 2006, the Bankruptcy Court held a status conference regarding the Objection during which the Bankruptcy Court considered the parties' proposals with respect to (a) the scheduling of the hearing on the Objection, (b) the scope of matters to be considered during that hearing, and (c) the treatment of certain confidential documents during the hearing.[7] At this status conference, the Reorganized Debtors also informed the Bankruptcy Court that (i) they intended to file a motion for determination of their right to a long-pending refund claim for federal excise taxes paid in

---

[4]   Claim No. 38365 (the "IRS Claim") (Ex. 2).

[5]   *See* 26 U.S.C. §§ 4251, 4252(a).

[6]   D.12235 (Objection to IRS Claim) (Ex. 3).

[7]   D.17873 (1/31/2006 Scheduling Order) (Ex. 4) at ¶ G.

connection with the services described in the IRS Claim and the Objection, and (ii) that they would seek consolidation of that motion with the Objection.[8]

9.  At the Bankruptcy Court's request, the parties submitted an agreed scheduling order regarding these matters and the Bankruptcy Court entered that agreed scheduling order on January 31, 2006 (the "January Scheduling Order").[9]

10.  Pursuant to the January Scheduling Order, the Bankruptcy Court set an evidentiary hearing regarding the Objection for February 1, 2006,[10] and directed that evidence and argument presented by the parties at the February 1 hearing would be considered by the Bankruptcy Court solely for purposes of determining whether the Reorganized Debtors are liable for federal excise tax under 26 U.S.C. § 4251, *et. seq.*, in connection with their purchase of the services described in the Objection and the other pleadings related thereto.[11]  To that end, the parties' respective rights regarding the amount, if any, of such tax were reserved for further consideration by the Bankruptcy Court at a later date.[12]

11.  As contemplated in the January Scheduling Order, the Reorganized Debtors filed a motion, dated January 31, 2006 (the "Refund Motion"),[13] which requested

---

[8]  *See id.*

[9]  D.17873 (Ex. 4).

[10]  *See id.* at ¶ 1.

[11]  *See id.* at ¶ 2.

[12]  *See id.*

[13]  D.17945 (Refund Motion) (Ex. 5).

a determination of the Reorganized Debtors' right to a refund of telephone-excise taxes that were paid between 1998 and 2004 in connection with purchases of COBRA service.

12.     In the Refund Motion, the Reorganized Debtors explained that the Reorganized Debtors and the IRS each have asserted claims against the other "that arise from [the] same core set of facts and involve the same legal issues."[14]  The Reorganized Debtors further explained that, after paying millions of dollars in federal excise tax for purchases of COBRA service, the Reorganized Debtors requested a refund of those payments by pursuing refund claims through the administrative procedures established by the IRS.[15]

13.     Copies of the administrative claims for refunds submitted to IRS were attached as Exhibits 1, 2, and 3 to the Refund Motion (collectively, the "Refund Claims").[16]  The Refund Claims were submitted to IRS on IRS Form 8849 with supporting documentation in accordance with the procedures established by the IRS for refunds of taxes erroneously collected under 26 U.S.C. § 4251.[17]  Pursuant to 26 U.S.C. § 6415, IRS has a duty to process claims for a refund of federal excise tax.  No judicial or administrative tribunal of competent jurisdiction adjudicated the Refund Claims prior to the Commencement Date.[18]  The documentation submitted with the Refund Claims

---

[14]     *See id.* at ¶ 1.

[15]     *See id.* at ¶¶ 1-2.

[16]     *See id.* at ¶ 8 and exhibits thereto.

[17]     *See id.* at ¶¶ 8-9 and exhibits thereto.

[18]     *See id.* at ¶ 9.

indicates that those claims were pending before IRS for at least one year prior to filing the Refund Motion.[19]

14.     In addition, the Refund Motion reflected that the facts and legal theories underlying the Refund Claims are substantially similar to those described in the Objection and other pleadings filed in connection with the Objection.[20]  Accordingly, the Reorganized Debtors incorporated their Objection and their pleadings relating to the Objection by reference as if fully set forth in the Refund Motion.[21]

15.     Because of the overlapping facts and legal issues in the Objection and the Refund Motion, the Reorganized Debtors requested consolidation of the Refund Motion and the Objection pursuant to Bankruptcy Rules 9014 and 7042.[22]  In particular, the Reorganized Debtors moved the Bankruptcy Court to consolidate the two matters because consolidation "would prevent the parties from wasting limited resources while litigating these issues in different courts," and maximize judicial resources due to the Bankruptcy Court's "familiarity with the relevant facts and issues from the extensive briefing in the pleadings filed in connection with the Reorganized Debtors' Objection to the IRS Claim."[23]

16.     As provided in the January Scheduling Order, the Bankruptcy Court conducted an evidentiary hearing regarding the issue of tax liability on February 1,

---

[19]     *See id.* at ¶¶ 8-9 and exhibits thereto.

[20]     *See id.* at ¶ 14.

[21]     *See id.*

[22]     *See id.* at ¶¶ 16, 20-22.

[23]     *See id.* at ¶ 20.

2006. Thereafter, the parties conferred regarding additional pleadings and further scheduling for oral argument and the hearing on the Refund Motion.[24] The parties' agreement was reflected in an Amended Scheduling Order, which was entered by the Bankruptcy Court on March 27, 2006 (the "March Scheduling Order").[25]

17. The March Scheduling Order provided that the parties' would present closing arguments regarding the Objection at a hearing on April 11, 2006, and that the Bankruptcy Court would also consider the Reorganized Debtors' request for consolidation of the Refund Motion with the Objection at that time.[26]

18. After the hearing on the Refund Motion was set with the IRS's consent, the IRS never filed any objection to the Refund Motion prior to the April 11 hearing, nor has it filed any objection since that hearing. Instead, counsel for the IRS announced at the April 11 hearing that the government did not oppose consolidation of the Refund Motion with the Objection.[27] Because the IRS did not oppose consolidation of the Refund Motion with the Objection, the matters were later consolidated by order of the Bankruptcy Court.[28]

---

[24] D.18083 (3/27/2006 Amended Scheduling Order) (Ex. 6).

[25] *See id.*

[26] *See id.* at ¶ 2.

[27] D.18286 (4/11/2006 Hr'g Tr. at 23:6-17) (Ex. 7).

[28] D.18972 (Excise Tax Order) (Ex. 8) at ¶ 1.

19. Based upon the evidence and arguments on liability, the Bankruptcy Court entered an opinion on June 1, 2007 (the "Excise Tax Opinion"), finding that COBRA services are not taxable.[29]

20. On June 27, 2007, the Bankruptcy Court signed an interlocutory order consistent with its June 1, 2007 Opinion (the "Excise Tax Order").[30] The Bankruptcy Court directed the Reorganized Debtors to submit an affidavit within 90 days regarding the appropriate amount of the refund, and ordered the IRS to file any objection it has to such amount within 60 days thereafter.[31] The Reorganized Debtors have requested and the IRS has agreed to extend these deadlines by 45 days, subject to Bankruptcy Court approval. If the IRS objects to the Reorganized Debtors' affidavit, the Bankruptcy Court will conduct further proceedings on the amount of the refund due to the Reorganized Debtors.[32]

21. Despite the fact that no final judgment has been entered against the IRS in these consolidated proceedings, on July 2, 2007, the IRS filed its notice of appeal from the Excise Tax Order.[33] As of the date hereof, the IRS has not filed a motion requesting leave to file an interlocutory appeal from the Excise Tax Order. Further, the IRS has not requested certification from the Bankruptcy Court for immediate appeal pursuant to Bankruptcy Rules 7054(a) and 9014(c), which apply Federal Rule of Civil

---

[29]   D.18918 (Excise Tax Opinion) (Ex. 9).

[30]   D.18972 (Excise Tax Order) (Ex. 8).

[31]   *See id.* at ¶ 4.

[32]   *See id.*

[33]   D.18977 (Ex. 10).

Procedure 54(b) to contested matters such as this one.

## RECORD EVIDENCE

The attached Appendix contains true and correct copies of the Exhibits[34] identified in this Declaration, as well as copies of the statutes cited in the Reorganized Debtors' Motion and Reply.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Houston, Texas
September 19, 2007

                                                                   /s/  Alfredo R. Pérez
                                                                   Alfredo R. Pérez

---

[34] In addition to those exhibits identified above, relevant portions from the transcript of the Feb. 1, 2006 hearing are attached as Ex. 11 in the Appendix.  The entire transcript is available at D.17959.