# Exhibit 3

HEARING DATE AND TIME: August 31, 2004 at 10:00 a.m. (New York Time)
OBJECTION DATE AND TIME: August 26, 2004 at 4:00 p.m. (New York Time)

WEIL, GOTSHAL & MANGES LLP
Attorneys for Reorganized Debtors
767 Fifth Avenue
New York, NY  10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Marcia L. Goldstein, Esq. (MG 2606)
Lori R. Fife, Esq. (LF 2839)
Alfredo R. Pérez, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| WORLDCOM, INC., et al. | : | 02-13533 (AJG) |
| Debtors | : | Jointly Administered |

**REORGANIZED DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 38365
(DEPARTMENT OF TREASURY ADMINISTRATIVE EXPENSE CLAIM)**

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE

       Reorganized Debtor MCI, Inc. and certain of its direct and indirect subsidiaries (collectively, the "Reorganized Debtors") respectfully represent:

**JURISDICTION**

       1.    The Court has jurisdiction to consider this Objection and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### General

2.       On July 21, 2002 (the "Commencement Date") and November 8, 2002, WorldCom, Inc. and certain of its direct and indirect subsidiaries (the "Debtors") commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). By Orders, dated July 22, 2002 and November 12, 2002, the Debtors' chapter 11 cases were consolidated for procedural purposes. During the chapter 11 cases, the Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.       On October 31, 2003, this Court entered an order confirming the Debtors' Modified Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan").[1]

4.       On April 20, 2004, the Plan became effective in accordance with its terms, and pursuant to the Plan, WorldCom, Inc. merged with and into MCI, Inc. with MCI, Inc. being the survivor.

### Schedules and Proofs of Claim

5.       On November 21, 2002, the Debtors filed their Schedules of Liabilities (as amended and supplemented, the "Debtors' Schedules") and their Schedules of Executory Contracts and Unexpired Leases. On December 5, 2002, the Debtors filed their Statements of Financial Affairs.

6.       On October 29, 2002, this Court entered its Order (a) Pursuant to Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Certain Proofs of Claim and

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings that are ascribed to such terms in the Plan.

Approving the Form and Manner of Notice Thereof (the "Bar Date Order"). The Bar Date Order established January 23, 2003 as the bar date for filing proofs of claim in these cases. Pursuant to the terms of the Bar Date Order, on or about November 22, 2002, the Debtors mailed notice of the bar date to in excess of 1.2 million creditors and potential claimants.

7. On March 25, 2003, the Court entered its Order Pursuant to 11 U.S.C. § 105 Approving Notice Procedures Regarding Claim Objections and Deemed Schedule Amendment Motions ("Claim Objection Procedure Order"), approving certain procedures regarding noticing of claims objections and omnibus motions for deemed schedule amendments.

8. As of the date of this Objection, in excess of 35,000 proofs of claim have been filed in connection with these chapter 11 cases (the "Proofs of Claim"). The Debtors have begun the process of conducting a comprehensive review and reconciliation of all prepetition claims, including both the claims scheduled in the Debtors' Schedules and the claims asserted in the Proofs of Claim (the "Filed Claims"). This process includes identifying particular Filed Claims that may be targeted for disallowance and expungement, reduction and allowance, or reclassification and allowance. This is one such objection.

## OBJECTION TO CLAIM

9. The Reorganized Debtors hereby object to proof of claim no. 38365 filed by the Department of Treasury/Internal Revenue Service ("DOT") in the amount of $16,276,440.81 (the "Treasury Claim"). Claim no. 38365 amends DOT's claim no. 37947. The Treasury Claim was filed as an administrative expense claim for excise taxes assessed against UUNET Technologies, Inc. ("UUNET"), a Debtor, and includes interest computed to July 9, 2004. The Reorganized Debtors have reviewed this proof of claim, the Debtors' books and records, and the applicable provisions of the Internal Revenue Code (the "IRC"), and have

determined that there is no amount due with regard to the Treasury Claim.

10. The Debtors are in the business of building communication networks and selling access to these networks to internet service providers ("ISPs"). ISPs in turn provide their customers access to the ISPs' services via the Debtors' networks. In order to build these networks, the Debtors purchase services known as central office-based remote access services ("COBRA") from local exchange carriers ("LECs"). COBRA services permit the end users of the Debtors' data network to send and receive data packets to and from the Debtors' data network and, ultimately, to other users of the Internet. LECs provide COBRA services to the Debtors via network access servers which are not capable of carrying voice transmissions. The end users of the Debtors' data network connect with the network access servers by dialing in, using their computer modems. The network servers then route data to and from the Debtors' data network and end users.

11. Section 4251 of the IRC imposes a tax on amounts paid for taxable communications services, such as local telephone service and toll telephone service. A purchaser of such services must pay any tax owed under section 4251 of the IRC. *See* IRC Section 4251(a)(2). Providers of such services must collect such tax from the purchaser. *See* IRC Section 4291.

12. Local telephone service is defined in IRC Section 4252(a) as: (1) the access to a local telephone system and the privilege of telephonic quality communication with substantially all persons having telephone or radio telephone stations constituting a part of such local telephone system, and (2) any facility or service provided in connection with a service described in (1).

13. Toll telephone service is defined in IRC Section 4252(b) as: (1) a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid in the United States, and (2) a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with the service is located.

14. UUNET's purchase of the COBRA services from LECs does not fall within the applicable definitions of taxable communications services. The COBRA service is a data-only service that does not provide UUNET with access to any telephone system and the privilege of voice-quality communication with substantially all persons on that system. In other words, UUNET could not plug in a telephone and gain access to a telephone system or the privilege of telephonic quality communication. Therefore, amounts paid by UUNET to the LECs for the purchase of COBRA services are not subject to the communications excise tax imposed by IRC Section 4251.

15. Because of the nature of the services purchased by UUNET, federal excise taxes do not apply and the taxes and interest that form the basis of the Treasury Claim are not owed. The service purchased by UUNET was controlled by the LEC's, not by UUNET. Accordingly, the Debtors hereby request that the Court enter an order expunging and disallowing the Treasury Claim, claim no. 38365, in addition to the claim it amends, claim no. 37947.

## RESERVATION OF RIGHTS

16. In the event that the Treasury Claim or claim no. 37947 are not expunged and disallowed for the reasons set forth herein, the Debtors hereby reserve their right to object to such proof(s) of claim on other grounds at a later date.

## MEMORANDUM OF LAW

17. This Objection does not raise any novel issues of law, and, accordingly, the Debtors respectfully request that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted in support of the Objection.

## NOTICE

18. In accordance with the Claim Objection Procedures Order, notice of this Objection has been provided to counsel for: the U.S. Trustee, the Committee, the Debtors' postpetition lenders, the United States Attorney for the Southern District of New York, the ad hoc MCI Noteholders Committee, AT&T Corporation, Puerto Rico Telephone Company, Inc., the Mid-Size Carrier Group. Further, in accordance with the Claim Objection Procedures Order, notice of this Objection has been provided to the persons or entities that filed the proof of claim identified above and their counsel (if known) by means of a personalized Claim Objection Notice. The Reorganized Debtors submit that no other or further notice need be given.

19. No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: Houston, Texas
August 5, 2004

          /s/ *Sylvia M. Baker*
Marcia L. Goldstein, Esq. (MG 2606)
Lori R. Fife, Esq. (LF 2839)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

    and

Alfredo R. Pérez, Esq.
Sylvia M. Baker, Esq.
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX  77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                       :     Chapter 11 Case No.
                                                            :
**WORLDCOM, INC., et al.**                                   :     02-13533 (AJG)
                                                            :
                **Debtors**                                  :     Jointly Administered
                                                            :
------------------------------------------------------------ x

**ORDER GRANTING THE REORGANIZED DEBTORS' OBJECTION TO
PROOF OF CLAIM NO. 38365
(DEPARTMENT OF TREASURY ADMINISTRATIVE EXPENSE CLAIM)**

Upon consideration of the Reorganized Debtors' Objection to Proof of Claim No. 38365 (Department of Treasury Administrative Expense Claim) filed by Reorganized Debtor MCI, Inc. and certain of its direct and indirect subsidiaries (collectively, the "Debtors") dated August 5, 2004, seeking expungement and disallowance of the amended administrative expense claim and original administrative expense claim filed by the Department of Treasury for excise taxes, and it appearing that there is no amount due with respect to such claims because federal excise taxes do not apply to the services which form the basis of such claims, all as described more fully in the Objection; and it appearing that the expungement and disallowance of these proofs of claim is in the best interest of the Reorganized Debtors, their estates and their creditors; and good and sufficient notice having been given in accordance with the Claim Objection Procedures Order; and after due consideration and sufficient cause appearing therefore, it is

ORDERED that proof of claim no. 38365 and any amendments thereto are hereby expunged and such claims are hereby disallowed in their entirety;

ORDERED that proof of claim no. 37947 is hereby expunged as an amended claim, and such claim is hereby disallowed in its entirety;

2

   ORDERED that the requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York for the filing of a memorandum of law is waived.

Dated: New York, New York
   _____, 2004

          _____
          HONORABLE ARTHUR J. GONZALEZ,
          UNITED STATES BANKRUPTCY JUDGE