**EXHIBIT 4**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
In re                                            :     Chapter 11 Case No.
                                                 :
**WORLDCOM, INC., et al.**                       :     02-13533 (AJG)
                                                 :     Jointly Administered
           **Reorganized Debtors**               :
                                                 :
-------------------------------------------------------------x

**SCHEDULING ORDER REGARDING THE REORGANIZED DEBTORS' OBJECTION**
**TO PROOF OF CLAIM NO. 38365**
**(DEPARTMENT OF TREASURY ADMINISTRATIVE EXPENSE CLAIM)**

**RECITALS**

A.   On July 2, 2004, the Internal Revenue Service ("IRS") of the United States of America filed claim number 38365 (the "Claim") requesting payment of federal communications excise taxes imposed by section 4251 of the Internal Revenue Code.

B.   On August 5, 2004, the Reorganized Debtors filed their Objection to Proof of Claim No. 38365 (the "Objection") (Docket No. 12235).

C.   On October 5, 2005, this Court entered a protective order pursuant to section 107(b)(1) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (Docket No. 17290) that directed the IRS to file any response to the Objection under seal in order to protect certain confidential commercial documents related to the Objection (the "Confidential Documents").

D.   On November 2, 2005, the IRS filed its Reply to the Objection under seal (the "Reply") (Docket No. 17489).

E.   On December 19, 2005, the Reorganized Debtors filed their Response to the IRS's Reply under seal (Docket No. 17743).

F.   A hearing to consider the relief requested in the Objection is currently scheduled on January 31, 2006, at 10:00 a.m. (New York City Time).

G.   On January 12, 2006, the Court held a telephonic status conference on the Objection during which the Court considered the parties' proposals with respect to (i) the scheduling of the hearing on the Objection, (ii) the scope of matters to be considered during that hearing, and (iii) the treatment of Confidential Documents during that hearing. The Reorganized Debtors also indicated to the Court that they intend to file a motion under 11 U.S.C. § 505 for a determination of their right to a refund of federal excise taxes paid in connection with the services described in the Objection and that they would request consolidation of that motion with the Objection.

H.   At the conclusion of that status conference, the Court requested that the parties submit a proposed order for the Court's consideration.

NOW, THEREFORE, in consideration of the forgoing, the Reorganized Debtors and the United States of America, by their undersigned counsel, stipulate and agree as follows, subject to approval by the Court:

1.   An evidentiary hearing to consider the relief requested in the Objection shall be held before Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004, on February 1, 2006, at 10:00 a.m. (New York City Time) (the "Hearing").

2.   The evidence and argument presented by the parties at the Hearing shall be considered by the Court for purposes of determining whether the Reorganized Debtors are liable for federal excise tax under section 4251 *et seq.* of the Internal Revenue Code in

connection with their purchase of the services described in the Objection and the other pleadings related thereto. The parties' respective rights regarding the amount, if any, of such tax shall be reserved for further consideration by the Court at a later date.

3. To the extent that any exhibits offered at the Hearing are Confidential Documents, and consistent with the Court's prior protective order, such evidence shall be offered and/or admitted into evidence under the following rules: the parties shall (a) offer such exhibits for *in camera* review only and such exhibits shall not be made available to the general public; (b) counsel and testifying witnesses for the parties shall not refer to the name of any counter-party to Confidential Documents; and (c) counsel and testifying witnesses for the parties shall refer to Confidential Documents by exhibit number only. Except as otherwise provided herein, nothing in this Order shall be construed to prevent any party from offering any evidence, whether or not such evidence relates to or is contained in a Confidential Document.

**[Remainder of page intentionally left blank]**

4. In accordance with Local Bankruptcy Rule 7052-1, the parties shall each submit proposed findings of fact and conclusions of law within fifteen (15) days after receipt of the Hearing transcript.

By: _/s/ Alfredo R. Pérez_
Marcia L. Goldstein, Esq. (MG 2606)
Lori R. Fife, Esq. (LF 2839)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

    and

Alfredo R. Pérez, Esq.

WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX  77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for Debtors and
  Reorganized Debtors

By: _/s/ Nicole Gueron_
Nicole Gueron (NG-7682)
Danna Drori (DD-7690)
Assistant United States Attorneys

MICHAEL J. GARCIA
United States Attorney for the Southern District
of New York
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2699, 637-2689
Telecopier: (212) 637-2686

Attorneys for the United States of America,
Internal Revenue Service

IT IS SO ORDERED.

Dated: New York, New York
       January 31, 2006

                **s/Arthur J. Gonzalez**
                HONORABLE ARTHUR J. GONZALEZ
                UNITED STATES BANKRUPTCY JUDGE