**EXHIBIT 5**

WEIL, GOTSHAL & MANGES LLP
Attorneys for Reorganized Debtors
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Marcia L. Goldstein, Esq. (MG 2606)
Lori R. Fife, Esq. (LF 2839)
Alfredo R. Pérez, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                       :
                                            :       Chapter 11 Case No.
WORLDCOM, INC., et al.,                     :       02-13533  (AJG)
                                            :
                                            :       (Jointly Administered)
                      Reorganized Debtors.  :
------------------------------------------------------------x
```

**REORGANIZED DEBTORS' MOTION FOR (I) A DETERMINATION OF**
**REFUND RIGHTS PURSUANT TO SECTION 505(a)(1) OF THE BANKRUPTCY**
**CODE AND (II) CONSOLIDATION OF THAT DETERMINATION WITH THE**
**REORGANIZED DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 38365**
**(DEPARTMENT OF TREASURY ADMINISTRATIVE EXPENSE CLAIM)**
**PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND RULES**
**9014 AND 7042 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

MCI, LLC ("MCI"), f/k/a WorldCom, Inc., and certain of its direct and

indirect subsidiaries (collectively, the "Reorganized Debtors") hereby move this Court as

follows:

## PRELIMINARY STATEMENT

1.     The Reorganized Debtors and the Internal Revenue Service

("IRS") dispute whether a data service called COBRA (central office-based remote

access) that converts analog data from dial-up modems into a high-speed data stream for

the Internet should be subject to the forty-year old excise tax on local telephone service. Each party has claims against the other that arise from this same core set of facts and involve the same legal issues. On the one hand, one of the Reorganized Debtors, UUNET Technologies, Inc. ("UUNET"), paid millions of dollars in prepetition federal excise tax for its purchases of COBRA service, and has requested a refund of those payments from the IRS. On the other hand, the IRS asserts that UUNET owes approximately $16 million in additional excise tax for the COBRA services that it purchased.

2.      These factual and legal issues have been previously submitted to the Court in briefing related to the IRS claim and the Reorganized Debtors' objection to that claim. A hearing on the Reorganized Debtors' claim objection is currently scheduled for February 1, 2006. To date, the Reorganized Debtors have been pursuing their refund claims through the administrative procedures established by the IRS.

3.      Section 505 of the Bankruptcy Code provides this Court with authority to determine the legality of any tax *and* any right to a refund of taxes that have been erroneously collected. Because the parties are currently litigating the issue of whether federal excise tax applies to COBRA service in this Court, litigating the refund claims in a separate court would force the parties and the respective courts to duplicate efforts, thereby wasting limited resources. Accordingly, the Reorganized Debtors request that this Court also determine their rights to a refund of any excise tax paid for COBRA service under section 505 of the Bankruptcy Code, and consolidate this motion with the pending claim objection.

## JURISDICTION

4.      This Court has jurisdiction to consider this matter pursuant to 28

U.S.C. §§ 157 and 1334 and the Confirmation Order.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### General

5.        On July 21, 2002 (the "Commencement Date") and November 8, 2002, the WorldCom and certain of its domestic subsidiaries commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  By Orders dated July 22, 2002 and November 12, 2002, those chapter 11 cases were consolidated for procedural purposes.  During the chapter 11 cases, WorldCom operated its businesses and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.        On October 31, 2003, this Court entered an order (the "Confirmation Order") confirming WorldCom's Plan of Reorganization (the "Plan").  On April 20, 2004, the Plan became effective in accordance with its terms.

### UUNET's Refund Claims

7.        The Communications Excise Tax, codified in section 4251 of the Internal Revenue Code (the "Tax Code"), provides that only three types of "communications services" are subject to taxation: "local telephone service;" "toll telephone service;" and "teletypewriter exchange service."  Although COBRA service does not provide the purchaser of the service with the ability to use a "telephone" or "communicate telephonically" with anyone, local exchange carriers ("LECs") that sell COBRA service collected the federal excise tax pertaining to telephone service from UUNET.  Because COBRA service does not fall within any the definition of any taxable

service described in section 4251 of the Tax Code, UUNET submitted three refund claims to the IRS in the aggregate approximate amount of $38 million.

8.    First, UUNET requested a refund for federal excise tax it paid during the period beginning July, 1998 through December, 1998 (the "First Refund Claim").  A copy of the First Refund Claim is annexed hereto as Exhibit 1.    Second, UUNET requested a refund for federal excise tax it paid during the period beginning January, 1999 through September, 2001 (the "Second Refund Claim").    A copy of the Second Refund Claim is annexed hereto as Exhibit 2.  Third, UUNET requested a refund for federal excise tax it paid during the period beginning October, 2001 through December, 2004 (the "Third Refund Claim").    A copy of the Third Refund Claim is annexed hereto as Exhibit 3.    These refund claims are hereinafter referred to collectively as the "Refund Claims."

9.    The Refund Claims were properly submitted to the IRS on Forms 8849 with supporting documentation in accordance with the procedures established by the IRS for refunds of taxes erroneously collected under section 4251 of the Tax Code. Pursuant to section 6415 of the Tax Code, the IRS has a duty to process claims for a refund of federal excise tax.  The Reorganized Debtors have waited more than 120 days since the filing of the Refund Claims, as prescribed by section 505(a)(2)(B)(i) of the Bankruptcy Code, for the IRS to process such claims for refund before filing this motion. No judicial or administrative tribunal of competent jurisdiction adjudicated the Refund Claims prior to the Commencement Date.

### Proceedings Related to the IRS Claims

10.    On July 2, 2004, the IRS filed proof of claim no. 38365 (the "IRS

Claim")[1] in the amount of $16,276,440.81 as an administrative expense claim for excise taxes assessed against UUNET for its purchase of COBRA service.

11.    On August 5, 2004, the Reorganized Debtors filed their Objection to Proof of Claim No. 38365 (the "Objection") (Docket No. 12235) on the basis that no amount was due on such claim because COBRA services are not one of the services taxed by section 4251 of the Internal Revenue Code.

12.    On November 2, 2005, the IRS filed its Reply to the Objection under seal (the "Reply") (Docket No. 17489). In support of the Reply, the IRS offered the Declaration of Dr. Michael Hills (the "Hills Declaration") (Docket No. 17490).[2]

13.    On December 19, 2005, the Reorganized Debtors filed their Response to the Reply under seal regarding Proof of Claim No. 38365 (the "Response") (Docket No. 17743).

14.    The facts and legal theories underlying the Refund Claims are substantially similar to those described in the Objection and the Response. Accordingly, the Reorganized Debtors hereby incorporate their Objection and Response by reference as if fully set forth herein.

## RELIEF REQUESTED

15.    Pursuant to section 505(a)(1) of the Bankruptcy Code, the Reorganized Debtors request that the Court determine their rights under the Refund

---

[1]    On or about February 25, 2004, the IRS filed a related Request for Payment of Internal Revenue Taxes (Bankruptcy Code Cases—Administrative Expense) (Claim No. 37947). Later, the IRS withdrew Claim No. 37947 (Docket No. 16282). The Excise Tax Claim amends Claim No. 37947.

[2]    On October 5, 2005, this Court entered a Protective Order pursuant to section 107(b)(1) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Protective Order") (Docket No. 17290). In accordance with the Protective Order, the Reply and the Hills Declaration were filed under seal with this Court.

Claims with respect to federal excise taxes paid for the purchase of COBRA service. UUNET has paid federal excise tax for a service that does not fall within the parameters of section 4251 of the Tax Code. Section 505(a)(2)(B) of the Bankruptcy Code expressly authorizes this Court to adjudicate and determine the Company's right to a refund of those tax payments.

16.    Moreover, this Court will determine whether UUNET owes federal excise tax on its purchases of COBRA service in connection with the Reorganized Debtors' Objection to the IRS Claim. In order to avoid wasting limited resources with duplicative litigation, the Reorganized Debtors also move the Court to consolidate this Motion with their Objection to the IRS Claim.

## **ARGUMENT**

### A.    **Section 505 of the Bankruptcy Code vests this Court with authority to determine the Refund Claims.**

17.    Section 505 of the Bankruptcy Code provides, in relevant part, as follows:

> Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty related to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a)(1).

18.    There are only two exceptions to section 505(a)(1)'s broad grant of authority to determine tax liabilities, contained in subsection (2) of the statute.[3] The first

---

[3]    Section 505(a)(2) of the bankruptcy Code provides as follows:

The court may not so determine –

exception prevents the court from adjudicating claims that were already contested and adjudicated in a court of competent jurisdiction prior to the commencement of the case.[4] The second exception provides that in the event the debtor seeks a tax refund, the court must grant the IRS a 120-day period in which to review the request.[5]

19.    In the present case, the first prohibition does not apply because there has been no final adjudication of the Refund Claims.  Likewise, the second prohibition does not apply because UUNET's refund requests were properly made on the IRS far longer than 120 days ago.  Because the Refund Claims have not been previously adjudicated, and the IRS has had more than 120 days to consider the Refund Claims, the Court is vested with the authority to determine the Refund Claims pursuant to section 505(a).[6]

**B.    Consolidation of the Refund Claims with the Objection is Appropriate.**

20.    Rule 42 of the Federal Rules of Civil Procedure, made applicable

---

(A)  the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title; or

(B)  any right of the estate to a tax refund, before the earlier of –

(i)  120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or

(ii)  a determination by such governmental unit of such request.

11 U.S.C. § 505(a)(2).

[4]    *See* 11 U.S.C. § 505(a)(2)(A).

[5]    *See* 11 U.S.C. § 505(a)(2)(B).

[6]    *See, e.g., City Vending of Muskogee, Inc. v. Oklahoma Tax Comm.*, 898 F.2d 122 (10th Cir. 1990); *In re Goldblatt Bros.,* Inc., 106 B.R. 522 (Bankr. N.D. Ill. 1989).

here by Rules 9014 and 7042 of the Federal Rules of Bankruptcy Procedure, provides that: "When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning the proceedings therein as may tend to avoid unnecessary costs or delay." The Reorganized Debtors request that the Court consolidate the Objection to the IRS Claims with this Motion because the Refund Claims and the Objection require a determination of similar factual and legal issues that arise out of the same set of operative facts—UUNET's purchase of COBRA services. Consolidation of these matters would prevent the parties from wasting limited resources while litigating these issues in different courts. Further, consolidation of these matters is appropriate in this Court due to this Court's familiarity with the relevant facts and issues from the extensive briefing in the pleadings filed in connection with the Reorganized Debtors' Objection to the IRS Claim.

21.    Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a); *see also In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) (stating "section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code"). As the competing claims arise from essentially the same set of operative facts, discovery and trial of the relevant issues in two courts would be largely duplicative. The Reorganized Debtors' Objection to the IRS Claim will require a determination of the following legal/factual issues: (a) did COBRA services provide UUNET with access to a local telephone system; (b) did COBRA service provide

UUNET with the privilege of telephonic quality communication with substantially all persons having telephone or radio telephone stations in that local telephone system; and (d) did COBRA service provide UUNET with exclusive or priority use of communications channels, regardless of whether such channels or groups of channels may be connected through switching with a local telephone service. The determination of these same issues will determine the Reorganized Debtors' right to a refund of excise taxes paid in connection with the purchase of COBRA services. Because of the overlapping and intertwined nature of the parties' claims, liquidating them in a single forum would substantially reduce the litigation costs and burdens on both parties and the courts.

22.    Courts in the Second Circuit have recognized the importance of consolidating cases to serve the best interest of justice and judicial economy.[7] Similarly, Courts in this Circuit recognize that duplicative actions thwart effective and efficient resolution of the underlying dispute.[8] In accordance with established case law, the Refund Claims should be consolidated with the Objection in the interest of judicial economy and to avoid the needless duplicative liquidation of these claims, which are derived from the same set of operative facts.

---

[7]    *See, e.g., Andrada v. Atherogenics, Inc.*, 2005 WL 912359, at *1 (S.D.N.Y. April 19, 2005) (noting that courts generally espouse the view that considerations of judicial economy favor consolidation); *A.V. by Versace, Inc. v. Versace*, 2005 WL 147364, at *2 (S.D.N.Y. Jan. 24, 2005) (citing *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284-85 (2d Cir. 1990)).

[8]    *See, e.g., Mouchantaf v. Int'l Modeling & Talent Assoc.*, 368 F. Supp.2d 303, 307 (S.D.N.Y. 2005); *Lumbermens Mut. Cas. Co. v. Conn. Bank & Trust Co.,* 806 F.2d 411, 414 (2d Cir.1986) (noting the desirability of avoiding piecemeal litigation and the possibility of two interpretations of the same policy language in different courts); *Congress Talcott Corp. v. Roslin*, 1996 WL 499337, at *4 (S.D.N.Y. Sept. 4, 1996) (same).

## NOTICE

23.    Notice of this Motion has been provided pursuant to this Court's Order, dated December 23, 2002, establishing notice procedures in these chapter 11 cases and the IRS.  In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice need be provided.

## WAIVER OF MEMORANDUM OF LAW

24.    This Motion does not present any novel issues of law.  Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b), the Reorganized Debtors respectfully request that this Court waive the requirement that they file a memorandum of law in support of this Motion.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order granting the relief requested herein and other and further relief as is just.

Dated: Houston, Texas
      January 31, 2006

                                                /s/   Alfredo R. Pérez
                                             Marcia L. Goldstein, Esq. (MG 2606)
                                           Lori R. Fife, Esq. (LF 2839)

                                           WEIL, GOTSHAL & MANGES LLP
                                           767 Fifth Avenue
                                           New York, NY  10153-0119
                                           Telephone: (212) 310-8000
                                           Facsimile: (212) 310-8007

                                            and

                                           Alfredo R. Pérez, Esq.

                                           WEIL, GOTSHAL & MANGES LLP
                                           700 Louisiana, Suite 1600
                                           Houston, TX  77002
                                           Telephone: (713) 546-5000
                                           Facsimile: (713) 224-9511

                                           Attorneys for the Reorganized Debtors

Exhibit 1

| Form **8849** | Department of the Treasury—Internal Revenue Service | OMB No. 1545-1420 |
|---|---|---|
| (Rev. January 2001) | **Claim for Refund of Excise Taxes** | |

Please print in ALL CAPITAL LETTERS. Leave a blank box between words.

**Name of claimant**

U U N E T   T E C H N O L O G I E S   I N C

**Employer identification number (EIN)**

5 4 1 5 4 3 6 1 1

**Address (number, street, room or suite no.)**

1 1 3 3 1 9 t h   S t r e e t ,   N W

**Social security number (SSN)**

**City and state or province. If you have a foreign address, see page 2.**

W a s h i n g t o n ,   D C

**ZIP code**

2 0 0 3 6

**Foreign country. If applicable. Do not abbreviate.**

**Month claimant's income tax year ends**

1 2

**Daytime telephone number (optional)**

2 0 2 7 3 6 6 1 6 9

**Caution:** *Do not claim any amounts on Form 8849 that were or will be claimed on Schedule C (Form 720), Adjustments and Claims, or Form 4136, Credit for Federal Tax Paid on Fuels.*

### Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Claims on Schedules 2, 3, 5, and Section 4091(d) claims on Schedule 6, cannot be combined with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| Schedule 1 | Nontaxable Use of Fuels. . . . . . . . . . . . . . . . . . . . . . . . . . | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene. . . . . . | ☐ |
| Schedule 3 | Gasohol Blending . . . . . . . . . . . . . . . . . . . . . . . . . | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors . . . . . . . . . . . . . . . . | ☐ |
| Schedule 5 | Section 4081(e) Claims . . . . . . . . . . . . . . . . . . . . . | ☒ |
| Schedule 6 | Other Claims . . . . . . . . . . . . . . . . . . . . . . . . . | |

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

**Sign Here**

Signature and title (if applicable)    Date  11-30-01

David Mahida          Director, Consumption Taxes
(Please type or print your name below signature.)

For Privacy Act and Paperwork Reduction Act Notice, see instructions.    Cat. No. 20027J    Form **8849** (Rev. 1-2001)

[ Return to top of document ]

Click here to download the link templates for your publications.

*We welcome your comments and suggestions on our web site.*
*Please send them to CSINTNET@cch.com*

Copyright © 2001, CCH INCORPORATED. All rights reserved.

| Schedule 6 (Form 8849) (Rev. January 2001) | Department of the Treasury—Internal Revenue Service **Other Claims** ► Attach to Form 8849. ► See Instructions on page 2. | | OMB No. 1545-1420 |
|---|---|---|---|
| Name as shown on Form 8849 UNNET TECHNOLOGIES, INC. | | EIN or SSN 54-1543611 | Total refund $ 2,793,989 |

Enter the earliest and latest dates of the events included in this claim. Enter in MMDDYYYY format.

Earliest date ► 07011998.      Latest date ► 12311988

Claimant's registration number for Section 4091(d) claims. ► _____

| Claim | Amount of refund | |
|---|---|---|
| 1 Federal Excise Tax paid to local exchange companies on purchases of Communications Services | $ 2,793,989 | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |

Use the space below for an explanation of each claim listed.

SEE ATTACHED

For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 Instructions.   Cat. No. 27454M   Schedule 6 (Form 8849) (Rev. 1-2001)

UUNET TECHNOLOGIES, INC.
ATTACHMENT TO SCHEDULE 6 OF FORM 8849
DETAIL FOR REFUND

| Vendor Name | Communication Services | Tax Paid |
|---|---|---|
| AMERITECH | $ 1,353,714 | $ 40,611 |
| ATT | 2,273,809 | 68,214 |
| BANKNET | 62,328 | 1,870 |
| BELL ATLANTIC | 5,227,327 | 156,820 |
| BELL CANADA | 70,112 | 2,103 |
| BROOKF | 47,737 | 1,432 |
| BELL SOUTH | 5,633,815 | 169,014 |
| CINCINNATI BELL | 205,019 | 6,151 |
| FBRSOUTH | 96,187 | 2,886 |
| FIBERNET | 45,810 | 1,374 |
| FRANCE TELECOM | 34,024 | 1,021 |
| GTE | 22,310,111 | 669,303 |
| IC | 73,951 | 2,219 |
| ICTC | 58,427 | 1,753 |
| NEXTLINK | 37,757 | 1,133 |
| ORION | 55,644 | 1,669 |
| PACBELL | 1,347,552 | 40,427 |
| QWEST | 3,457,546 | 103,726 |
| SNET | 345,164 | 10,355 |
| SPRINT | 347,964 | 10,439 |
| SOUTHWESTERN BELL | 2,713,657 | 81,410 |
| TCG | 89,354 | 2,681 |
| **3rd Quarter 1998** | **$ 45,887,008** | **$ 1,376,610** |
| | | |
| ALLTEL | $ 6,163 | $ 185 |
| AMERITECH | 1,786,494 | 53,595 |
| ATCTEL | 350,840 | 10,525 |
| ATT | 1,341,912 | 40,257 |
| BANKNET | 41,552 | 1,247 |
| BELL ATLANTIC | 4,904,264 | 147,128 |
| BELL CANADA | 103,320 | 3,100 |
| BELL SOUTH | 6,244,509 | 187,335 |
| CINCINNATI BELL | 277,560 | 8,327 |
| COMSAT | 43,512 | 1,305 |
| FBRSOUTH | 65,089 | 1,953 |
| GTE | 20,408,062 | 612,242 |
| IC | 33,874 | 1,016 |
| ICTC | 88,397 | 2,652 |
| ORION | 60,704 | 1,821 |
| PACBELL | 2,102,969 | 63,089 |
| QWEST | 4,544,053 | 136,322 |
| SNET | 425,492 | 12,765 |
| SPRINT | 398,336 | 11,950 |
| SOUTHWESTERN BELL | 4,018,852 | 120,566 |
| **4th Quarter 1998** | **$ 47,245,955** | **$ 1,417,379** |
| | | |
| **1998 Total** | **$ 93,132,962** | **$ 2,793,989** |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO SCHEDULE 6 OF FORM 8849**
**DETAIL FOR REFUND**

| Vendor Name | Communication Services | Tax Paid |
|---|---|---|
| AMERITECH | 1,353,714 | 40,611 |
| ATT | 2,273,809 | 68,214 |
| BANKNET | 62,328 | 1,870 |
| BELL ATLANTIC | 5,227,327 | 156,820 |
| BELL CANADA | 70,112 | 2,103 |
| BROOKF | 47,737 | 1,432 |
| BELL SOUTH | 5,633,815 | 169,014 |
| CINCINNATI BELL | 205,019 | 6,151 |
| FBRSOUTH | 96,187 | 2,886 |
| FIBERNET | 45,810 | 1,374 |
| FRANCE TELECOM | 34,024 | 1,021 |
| GTE | 22,310,111 | 669,303 |
| IC | 73,951 | 2,219 |
| ICTC | 58,427 | 1,753 |
| NEXTLINK | 37,757 | 1,133 |
| ORION | 55,644 | 1,669 |
| PACBELL | 1,347,552 | 40,427 |
| QWEST | 3,457,546 | 103,726 |
| SNET | 345,164 | 10,355 |
| SPRINT | 347,964 | 10,439 |
| SOUTHWESTERN BELL | 2,713,657 | 81,410 |
| TCG | 89,354 | 2,681 |
| **3rd Quarter 1998** | **45,887,008** | **1,376,610** |
| AMERITECH | 1,786,494 | 53,595 |
| ATCTEL | 350,840 | 10,525 |
| ATT | 1,341,912 | 40,257 |
| BANKNET | 41,552 | 1,247 |
| BELL ATLANTIC | 4,904,264 | 147,128 |
| BELL CANADA | 103,320 | 3,100 |
| BELL SOUTH | 6,244,509 | 187,335 |
| CINCINNATI BELL | 277,560 | 8,327 |
| COMSAT | 43,512 | 1,305 |
| FBRSOUTH | 65,089 | 1,953 |
| GTE | 20,408,062 | 612,242 |
| IC | 33,874 | 1,016 |
| ICTC | 88,397 | 2,652 |
| ORION | 60,704 | 1,821 |
| PACBELL | 2,102,969 | 63,089 |
| QWEST | 4,544,053 | 136,322 |
| SNET | 425,492 | 12,765 |
| SPRINT | 398,336 | 11,950 |
| SOUTHWESTERN BELL | 4,018,852 | 120,566 |
| **4th Quarter 1998** | **47,245,955** | **1,417,379** |
| **1998 Total** | **93,132,962** | **2,793,989** |

Exhibit 2

| Form **8849** (Rev. January 2001) | Department of the Treasury—Internal Revenue Service<br>**Claim for Refund of Excise Taxes** | OMB No. 1545-1420 |
|---|---|---|

Please print In ALL CAPITAL LETTERS. Leave a blank box between words.

**Name of claimant**

| U | U | N | E | T |   | T | E | C | H | N | O | L | O | G | I | E | S |   | I | N | C |   |   |

**Employer identification number (EIN)**

| 5 | 4 | 1 | 5 | 4 | 3 | 6 | 1 | 1 |

**Address (number, street, room or suite no.)**

| 1 | 1 | 3 | 3 | 1 | 9 | t | h |   | S | T | R | E | E | T | , |   | N | W |

**Social security number (SSN)**

**City and state or province. If you have a foreign address, see page 2.**

| W | A | S | H | I | N | G | T | O | N | , |   | D | C |

**ZIP code**

| 2 | 0 | 0 | 3 | 6 |

**Foreign country, if applicable. Do not abbreviate.**

**Month claimant's income tax year ends**

| 1 | 2 |

**Daytime telephone number (optional)**

| 2 | 0 | 2 | 7 | 3 | 6 | 6 | 1 | 6 | 9 |

**Caution:** *Do not claim any amounts on Form 8849 that were or will be claimed on Schedule C (Form 720), Adjustments and Claims, or Form 4136, Credit for Federal Tax Paid on Fuels.*

### Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Claims on Schedules 2, 3, 5, and Section 4091(d) claims on Schedule 6, cannot be combined with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels. . . . . . . . . . . . . | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene. . . . . | ☐ |
| **Schedule 3** | Gasohol Blending . . . . . . . . . . . . . . . | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors . . . . . . | ☐ |
| **Schedule 5** | Section 4081(e) Claims . . . . . . . . . . . . | ☒ |
| **Schedule 6** | Other Claims . . . . . . . . . . . . . . . | |

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

**Sign Here**

Signature and title (if applicable)                    Date 2-20-02

David Mahida                    Director, Consumption Taxes

(Please type or print your name below signature.)

For Privacy Act and Paperwork Reduction Act Notice, see instructions.    Cat. No. 20027J    Form **8849** (Rev. 1-2001)

[ Return to top of document ]
Click here to download the link templates for your publications.

We welcome your comments and suggestions on our web site.
Please send them to CSINTNET@cch.com

Copyright © 2001, CCH INCORPORATED. All rights reserved.

Page 1 of 2

| Schedule 6 (Form 8849) (Rev. January 2001) | Department of the Treasury—Internal Revenue Service **Other Claims** ► Attach to Form 8849. ► See Instructions on page 2. | | OMB No. 1545-1420 |
|---|---|---|---|
| Name as shown on Form 8849 UUNET TECHNOLOGIES, INC. | EIN or SSN 54-1543611 | Total refund $ 21,242,772 | |

Enter the earliest and latest dates of the events included in this claim. Enter in MMDDYYYY format.

Earliest date ► 01011999      Latest date ► 09302001

Claimant's registration number for Section 4091(d) claims. ► _____

| Claim | Amount of refund | |
|---|---|---|
| 1 FEDERAL EXCISE TAX paid to local exchange companies on purchases of Communication services. | $ 21,242,772 | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |

Use the space below for an explanation of each claim listed.

UUNET TECHNOLOGIES, INC.
ATTACHMENT TO SCHEDULE 6 OF FORM 8849
REFUND SUMMARY

| Period | Communication Services | Tax Paid |
|---|---|---|
| 1st Quarter 1999 | $ 48,597,321 | $ 1,457,920 |
| 2nd Quarter 1999 | 55,071,524 | 1,652,146 |
| 3rd Quarter 1999 | 43,381,853 | 1,301,456 |
| 4th Quarter 1999 | 51,063,226 | 1,531,897 |
| 1st Quarter 2000 | 49,694,955 | 1,490,849 |
| 2nd Quarter 2000 | 55,185,674 | 1,655,570 |
| 3rd Quarter 2000 | 61,553,949 | 1,846,618 |
| 4th Quarter 2000 | 67,415,604 | 2,022,468 |
| 1st Quarter 2001 | 77,273,753 | 2,318,213 |
| 2nd Quarter 2001 | 85,921,073 | 2,577,632 |
| 3rd Quarter 2001 | 112,933,419 | 3,388,003 |
| Total Refund Claim | $ | $ 21,242,772 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO SCHEDULE 6 OF FORM 8849**
**DETAIL FOR REFUND**
**1ST QUARTER 1999**

| Vendor Name | Communication Services | Tax Paid |
|---|---|---|
| ALLTEL | $         91,417 | $        2,743 |
| AMERITECH | 2,140,102 | 64,203 |
| ATCTEL | 2,517,837 | 75,535 |
| ATT | 2,310,281 | 69,308 |
| BANKNET | 62,328 | 1,870 |
| BELL ATLANTIC | 3,687,631 | 110,629 |
| BELL CANADA | 75,215 | 2,256 |
| BELL SOUTH | 696,114 | 20,883 |
| CINCINNATI BELL | 273,534 | 8,206 |
| COMSAT | 170,966 | 5,129 |
| FIBER SOUTH | 124,331 | 3,730 |
| GCI | 59,815 | 1,794 |
| GTE | 22,649,840 | 679,495 |
| IC | 65,515 | 1,965 |
| ICG | 64,729 | 1,942 |
| ICTC | 88,254 | 2,648 |
| ORION | 80,976 | 2,429 |
| PACIFIC BELL | 2,169,643 | 65,089 |
| QWEST | 5,251,858 | 157,556 |
| SNET | 523,377 | 15,701 |
| SPRINT | 566,833 | 17,005 |
| SOUTHWESTERN BELL | 4,891,083 | 146,732 |
| TIME WARNER | 35,641 | 1,069 |
| **1st Quarter 1999** | $     48,597,321 | $    1,457,920 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO SCHEDULE 6 OF FORM 8849**
**DETAIL FOR REFUND**
**2ND QUARTER 1999**

| Vendor Name | Communication Services | Tax Paid |
|---|---|---|
| ALLTEL | $ 131,594 | $ 3,948 |
| AMERITECH | 255,381 | 7,661 |
| ATCTEL | 1,560,270 | 46,808 |
| ATT | 2,153,612 | 64,608 |
| BANKNET | 98,258 | 2,948 |
| BELL ATLANTIC | 3,229,116 | 96,873 |
| BELL CANADA | 56,524 | 1,696 |
| BELLSOUTH | 1,783,927 | 53,518 |
| CINCINNATI BELL | 294,931 | 8,848 |
| COMSAT | 130,181 | 3,905 |
| FIBER SOUTH | 147,259 | 4,418 |
| FRONTIER | 185,188 | 5,556 |
| GCI | 42,088 | 1,263 |
| GTE | 27,226,668 | 816,800 |
| IC | 166,598 | 4,998 |
| ICG | 57,867 | 1,736 |
| ICTC | 115,327 | 3,460 |
| NEXTLINK | 37,179 | 1,115 |
| ORION | 64,607 | 1,938 |
| PACIFIC BELL | 2,295,949 | 68,878 |
| QWEST | 8,203,911 | 246,117 |
| SNET | 687,147 | 20,614 |
| SPRINT | 770,098 | 23,103 |
| SOUTHWESTERN BELL | 5,035,443 | 151,063 |
| TELDAT | 296,007 | 8,880 |
| TIME WARNER | 46,394 | 1,392 |
| 2nd Quarter 1999 | $ 55,071,524 | $ 1,652,146 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO SCHEDULE 6 OF FORM 8849**
**DETAIL FOR REFUND**
**3RD QUARTER 1999**

| Vendor Name | | Communication Services | | Tax Paid |
|---|---|---|---|---|
| ALLTEL | $ | 160,366 | $ | 4,811 |
| AMERITECH | | 3,754,528 | | 112,636 |
| ATCTEL | | 1,582,980 | | 47,489 |
| ATT | | 1,952,283 | | 58,569 |
| BANKNET | | 46,588 | | 1,398 |
| BELL ATLANTIC | | 4,723,261 | | 141,698 |
| BELL CANADA | | 48,460 | | 1,454 |
| BELLSOUTH | | 1,177,901 | | 35,337 |
| CINCINNATI BELL | | 291,880 | | 8,756 |
| COMSAT | | 272,200 | | 8,166 |
| FIBER SOUTH | | 146,651 | | 4,400 |
| FRONTIER | | 897,454 | | 26,924 |
| GCI | | 47,596 | | 1,428 |
| GTE | | 4,528,451 | | 135,854 |
| IC | | 60,010 | | 1,800 |
| ICG | | 93,163 | | 2,795 |
| ICTC | | 125,206 | | 3,756 |
| NEXTLINK | | 73,122 | | 2,194 |
| PACIFIC BELL | | 2,625,585 | | 78,768 |
| QWEST | | 11,463,854 | | 343,916 |
| SCT.A | | 96,665 | | 2,900 |
| SNET | | 659,455 | | 19,784 |
| SPRINT | | 704,869 | | 21,146 |
| SOUTHWESTERN BELL | | 7,641,142 | | 229,234 |
| TIME WARNER | | 159,611 | | 4,788 |
| TXU | | 48,573 | | 1,457 |
| 3rd Quarter 1999 | $ | 43,381,853 | $ | 1,301,456 |

UUNET TECHNOLOGIES, INC.
ATTACHMENT TO SCHEDULE 6 OF FORM 8849
DETAIL FOR REFUND
4TH QUARTER 1999

| Vendor Name | Communication Services | Tax Paid |
|---|---|---|
| ALLTEL | $ 181,798 | $ 5,454 |
| AMERITECH | 4,891,973 | 146,759 |
| ATCTEL | 1,675,493 | 50,265 |
| ATT | 1,760,189 | 52,806 |
| BANKNET | 139,764 | 4,193 |
| BELL ATLANTIC | 5,476,916 | 164,307 |
| BELL CANADA | 57,732 | 1,732 |
| BELL SOUTH | 2,019,339 | 60,580 |
| CINCINNATI BELL | 235,236 | 7,057 |
| COMSAT | 156,809 | 4,704 |
| FIBER SOUTH | 160,643 | 4,819 |
| FRONTIER | 104,111 | 3,123 |
| GCI | 60,752 | 1,823 |
| GTE | 1,400,037 | 42,001 |
| IC | 51,468 | 1,544 |
| ICG | 87,153 | 2,615 |
| ICTC | 126,015 | 3,780 |
| NEXTLINK | 50,968 | 1,529 |
| ORION | 75,879 | 2,276 |
| PACIFIC BELL | 2,863,952 | 85,919 |
| QWEST | 13,236,703 | 397,101 |
| SNET | 450,906 | 13,527 |
| SPRINT | 1,403,675 | 42,110 |
| SOUTHWESTERN BELL | 14,045,696 | 421,371 |
| TIME WARNER | 130,425 | 3,913 |
| TXU | 219,593 | 6,588 |
| 4th Quarter 1999 | $ 51,063,226 | $ 1,531,897 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO SCHEDULE 6 OF FORM 8849**
**DETAIL FOR REFUND**
**1ST QUARTER 2000**

| Vendor Name | Communication Services | Tax Paid |
|---|---|---|
| ALLTEL | $      247,762 | $      7,433 |
| AMERITECH | 3,030,799 | 90,924 |
| ATCTEL | 2,865,434 | 85,963 |
| ATT | 1,948,447 | 58,453 |
| BANKNET | 69,882 | 2,096 |
| BELL ATLANTIC | 7,074,129 | 212,224 |
| BELL CANADA | 64,590 | 1,938 |
| BELLSOUTH | 2,092,542 | 62,776 |
| CINCINNATI BELL | 259,048 | 7,771 |
| COMSAT | 142,305 | 4,269 |
| FIBER SOUTH | 157,183 | 4,715 |
| FRONTIER | 78,908 | 2,367 |
| GCI | 85,104 | 2,553 |
| GTE | 2,168,124 | 65,044 |
| HICKORY | 36,810 | 1,104 |
| IC | 53,683 | 1,611 |
| ICG | 149,127 | 4,474 |
| ICTC | 126,696 | 3,801 |
| NORTHWESTERN BELL | 101,284 | 3,039 |
| NEXTLINK | 50,559 | 1,517 |
| ORION | 83,646 | 2,509 |
| PACIFIC BELL | 3,319,142 | 99,574 |
| PANAMSAT | 36,900 | 1,107 |
| QWEST | 14,332,755 | 429,983 |
| SNET | 445,232 | 13,357 |
| SPRINT | 1,292,839 | 38,785 |
| SOUTHWESTERN BELL | 8,608,550 | 258,257 |
| TELENERGY | 60,433 | 1,813 |
| TELLARGA | 317,350 | 9,521 |
| TIME WARNER | 160,148 | 4,804 |
| TXU | 235,543 | 7,066 |
| 1st Quarter 2000 | $   49,694,955 | $   1,490,849 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO SCHEDULE 6 OF FORM 8849**
**DETAIL FOR REFUND**
**2ND QUARTER 2000**

| Vendor Name | Communication Services | Tax Paid |
|---|---|---|
| ALLTEL | $ 177,097 | $ 5,313 |
| AMERITECH | 5,930,025 | 177,901 |
| ATCTEL | 3,533,657 | 106,010 |
| ATT | 2,842,854 | 85,286 |
| BANKNET | 69,882 | 2,096 |
| BELL ATLANTIC | 7,232,571 | 216,977 |
| BELL CANADA | 54,785 | 1,644 |
| BELL SOUTH | 1,747,331 | 52,420 |
| CINCINNATI BELL | 266,960 | 8,009 |
| COMSAT | 111,152 | 3,335 |
| FIBER SOUTH | 155,955 | 4,679 |
| FRONTIER | 205,872 | 6,176 |
| GCI | 84,841 | 2,545 |
| GTE | 1,074,100 | 32,223 |
| HICKORY | 34,977 | 1,049 |
| ICG | 193,626 | 5,809 |
| ICTC | 140,089 | 4,203 |
| KMCTEL | 382,133 | 11,464 |
| NORTHWESTERN BELL | 68,054 | 2,042 |
| NEXTLINK | 43,564 | 1,307 |
| ORION | 59,962 | 1,799 |
| PACIFIC BELL | 4,287,948 | 128,638 |
| PANAMSAT | 36,900 | 1,107 |
| QWEST | 16,229,355 | 486,881 |
| SNET | 729,111 | 21,873 |
| SPRINT | 1,296,570 | 38,897 |
| SOUTHWESTERN BELL | 7,580,319 | 227,410 |
| TELENERG | 55,500 | 1,665 |
| TELLARGA | 153,000 | 4,590 |
| TIME WARNER | 171,218 | 5,137 |
| TXU | 236,266 | 7,088 |
| 2nd Quarter 2000 | $ 55,185,674 | $ 1,655,570 |

UUNET TECHNOLOGIES, INC.
ATTACHMENT TO SCHEDULE 6 OF FORM 8849
DETAIL FOR REFUND
3RD QUARTER 2000

| Vendor Name | Communication Services | Tax Paid |
|---|---|---|
| ACCESS | $ 47,364 | $ 1,421 |
| ALLTEL | 250,801 | 7,524 |
| AMERITECH | 6,820,970 | 204,629 |
| ATCTEL | 3,339,635 | 100,189 |
| ATT | 2,394,602 | 71,838 |
| BANKNET | 54,682 | 1,640 |
| BELL ATLANTIC | 7,791,872 | 233,756 |
| BELL SOUTH | 2,434,303 | 73,029 |
| CENTUR.A | 99,868 | 2,996 |
| CINCINNATI BELL | 271,070 | 8,132 |
| COMSAT | 125,415 | 3,762 |
| FIBER SOUTH | 157,285 | 4,719 |
| FRONTIER | 322,055 | 9,662 |
| GCI | 84,841 | 2,545 |
| GTE | 1,257,333 | 37,720 |
| ICG | 300,198 | 9,006 |
| ICTC | 145,211 | 4,356 |
| INTERNATIONAL FIBER | 119,083 | 3,572 |
| KMCTEL | 2,000,961 | 60,029 |
| NEXTLINK | 47,735 | 1,432 |
| ORION | 85,722 | 2,572 |
| PACIFIC BELL | 4,902,890 | 147,087 |
| PANAMSAT | 42,700 | 1,281 |
| QWEST | 17,059,817 | 511,795 |
| SCT.A | 64,557 | 1,937 |
| SNET | 1,015,576 | 30,467 |
| SPRINT | 1,425,546 | 42,766 |
| SOUTHWESTERN BELL | 8,247,457 | 247,424 |
| TELENERGY | 55,500 | 1,665 |
| TELLARGA | 153,000 | 4,590 |
| TIME WARNER | 153,503 | 4,605 |
| TXU | 282,398 | 8,472 |
| 3rd Quarter 2000 | $ 61,553,949 | $ 1,846,618 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO SCHEDULE 6 OF FORM 8849**
**DETAIL FOR REFUND**
**4TH QUARTER 2000**

| Vendor Name | Communication Services | Tax Paid |
|---|---|---|
| ACS.A | $ 46,681 | $ 1,400 |
| ALLTEL | 214,824 | 6,445 |
| AMERITECH | 7,626,980 | 228,809 |
| ATCTEL | 3,579,092 | 107,373 |
| ATT | 2,513,645 | 75,409 |
| BANKNET | 47,082 | 1,412 |
| BELL ATLANTIC | 9,157,166 | 274,715 |
| BELL CANADA | 45,862 | 1,376 |
| BELLSOUTH | 4,883,182 | 146,495 |
| CENTUR.A | 481,609 | 14,448 |
| CINCINNATI BELL | 312,546 | 9,376 |
| COMSAT | 125,415 | 3,762 |
| FIBER SOUTH | 157,285 | 4,719 |
| FRONTIER | 379,672 | 11,390 |
| GCI | 84,841 | 2,545 |
| GTE | 2,127,531 | 63,826 |
| ICG | 519,662 | 15,590 |
| ICTC | 143,584 | 4,308 |
| INTERNATIONAL FIBER | 102,071 | 3,062 |
| KMCTEL | 1,039,171 | 31,175 |
| NEXTLINK | 49,380 | 1,481 |
| ORION | 85,722 | 2,572 |
| PACIFIC BELL | 4,977,922 | 149,338 |
| PANAMSAT | 36,900 | 1,107 |
| QWEST | 17,785,034 | 533,551 |
| SCT.A | 41,288 | 1,239 |
| SNET | 1,173,865 | 35,216 |
| SPRINT | 1,628,339 | 48,850 |
| SOUTHWESTERN BELL | 7,267,893 | 218,037 |
| TELENERGY | 55,500 | 1,665 |
| TELLARGA | 262,086 | 7,863 |
| TIME WARNER | 184,318 | 5,530 |
| TXU | 279,454 | 8,384 |
| 4th Quarter 2000 | $ 67,415,604 | $ 2,022,468 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO SCHEDULE 6 OF FORM 8849**
**DETAIL FOR REFUND**
**1ST QUARTER 2001**

| Vendor Name | Communication Services | Tax Paid |
|---|---|---|
| ALLTEL | $         201,561 | $         6,047 |
| AMERITECH | 9,218,390 | 276,552 |
| ATCTEL | 3,181,197 | 95,436 |
| ATT | 2,362,770 | 70,883 |
| BELL ATLANTIC | 9,562,350 | 286,871 |
| BELL CANADA | 257,120 | 7,714 |
| BELLSOUTH | 4,619,950 | 138,598 |
| CENTUR.A | 330,115 | 9,903 |
| CINCINATTI BELL | 273,914 | 8,217 |
| CITIZEN | 1,018,315 | 30,549 |
| FIBER SOUTH | 172,211 | 5,166 |
| FRONTIER | 416,024 | 12,481 |
| GCI | 84,906 | 2,547 |
| GTE | 1,864,089 | 55,923 |
| ICG | 281,358 | 8,441 |
| ICTC | 143,855 | 4,316 |
| INTENATIONAL FIBER | 102,071 | 3,062 |
| KMCTEL | 1,141,793 | 34,254 |
| NEXTLINK | 42,051 | 1,262 |
| ORION | 72,448 | 2,173 |
| PACIFIC BELL | 6,716,428 | 201,493 |
| QWEST | 24,925,904 | 747,777 |
| SCT.A | 41,288 | 1,239 |
| SNET | 1,194,414 | 35,832 |
| SPRINT | 1,540,901 | 46,227 |
| SOUTHWESTERN BELL | 6,658,443 | 199,753 |
| TELENERGY | 37,000 | 1,110 |
| TELLARGA | 316,629 | 9,499 |
| TIME WARNER | 217,048 | 6,511 |
| TXU | 279,211 | 8,376 |
| 1st Quarter 2001 | $    77,273,753 | $    2,318,213 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO SCHEDULE 6 OF FORM 8849**
**DETAIL FOR REFUND**
**2ND QUARTER 2001**

| Vendor Name | Communication Services | Tax Paid |
|---|---|---|
| ALLTEL | $ 276,802 | $ 8,304 |
| AMERITECH | 9,012,772 | 270,383 |
| ATCTEL | 3,053,661 | 91,610 |
| ATT | 2,469,777 | 74,093 |
| BELL ATLANTIC | 13,000,004 | 390,000 |
| BELLSOUTH | 4,670,992 | 140,130 |
| CINCINNATI BELL | 254,408 | 7,632 |
| CITIZEN | 83,105 | 2,493 |
| FIBER SOUTH | 156,611 | 4,698 |
| FRONTIER | 416,301 | 12,489 |
| GCI | 96,405 | 2,892 |
| GTE | 1,952,558 | 58,577 |
| ICG | 246,492 | 7,395 |
| ICTC | 147,589 | 4,428 |
| INTERNATIONAL FIBER | 102,071 | 3,062 |
| KMCTEL | 1,251,174 | 37,535 |
| NEXTLINK | 49,079 | 1,472 |
| ORION | 85,722 | 2,572 |
| PACIFIC BELL | 6,865,151 | 205,955 |
| QWEST | 31,797,284 | 953,919 |
| SCT.A | 85,094 | 2,553 |
| SNET | 1,001,887 | 30,057 |
| SPRINT | 1,605,124 | 48,154 |
| SOUTHWESTERN BELL | 5,977,717 | 179,332 |
| TELLARGA | 698,430 | 20,953 |
| TIME WARNER | 285,432 | 8,563 |
| TXU | 279,431 | 8,383 |
| **2nd Quarter 2001** | $ 85,921,073 | $ 2,577,632 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO SCHEDULE 6 OF FORM 8849**
**DETAIL FOR REFUND**
**3RD QUARTER 2001**

| Vendor Name | Communication Services | | Tax Paid |
|---|---|---|---|
| ALLTEL | $ | 237,285 | $ 7,119 |
| AMERITECH | | 18,564,610 | 556,938 |
| ATCTEL | | 2,177,750 | 65,333 |
| ATT | | 2,683,310 | 80,499 |
| BELL ATLANTIC | | 14,060,881 | 421,826 |
| BELL SOUTH | | 18,438,247 | 553,147 |
| CENTUR.A | | 68,112 | 2,043 |
| CINCINNATI BELL | | 67,717 | 2,032 |
| CITIZEN | | 82,511 | 2,475 |
| FIBER SOUTH | | 152,675 | 4,580 |
| FRONTIER | | 433,531 | 13,006 |
| GCI | | 84,938 | 2,548 |
| GTE | | 2,238,583 | 67,157 |
| ICG | | 176,012 | 5,280 |
| ICTC | | 144,006 | 4,320 |
| INTERNATIONAL FIBER | | 102,071 | 3,062 |
| KMCTEL | | 1,225,577 | 36,767 |
| NEXTLINK | | 55,830 | 1,675 |
| ORION | | 77,268 | 2,318 |
| PACIFIC BELL | | 9,706,614 | 291,198 |
| QWEST | | 31,809,812 | 954,294 |
| SCT.A | | 96,671 | 2,900 |
| SNET | | 3,001,502 | 90,045 |
| SPRINT | | 1,557,132 | 46,714 |
| SOUTHWESTERN BELL | | 4,955,216 | 148,656 |
| TELLARGA | | 218,086 | 6,543 |
| TIME WARNER | | 238,261 | 7,148 |
| TXU | | 279,211 | 8,376 |
| 3rd Quarter 2001 | $ | 112,933,419 | $ 3,388,003 |

Exhibit 3

Form **8849**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

## Claim for Refund of Excise Taxes

OMB No. 1545–1420

Print clearly. Leave a blank box between words.

**Name of claimant**

| U | U | N | E | T |  | T | e | c | h | n | o | l | o | g | i | e | s |  | I | n | c |  |  |  |

**Employer identification number (EIN)**

| 5 | 4 | 1 | 5 | 4 | 3 | 6 | 1 | 1 |

**Address (number, street, room or suite no.)**

| 2 | 2 | 0 | 0 | 1 |  | L | o | u | d | o | u | n |  | C | o | u | n | t | y |  | P | k | w | y |

**Social security number (SSN)**

| | | | | | | | | |

**City and state or province. If you have a foreign address, see page 2.**

| A | s | h | b | u | r | n | , |  | V | A |  |  |  |  |  |  |  |  |  |  |  |  |  |  |

**ZIP code**

| 2 | 0 | 1 | 4 | 7 | | |

**Foreign country, if applicable. Do not abbreviate.**

| | | | | | | | | | | | | | | | | | | | | | | | | |

**Month claimant's income tax year ends**

| 1 | 2 |

**Daytime telephone number (optional)**

| 7 | 0 | 3 | 8 | 8 | 6 | 5 | 2 | 9 | 1 |

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* **Schedule C (Form 720)**, *Claims,* **Form 4136**, *Credit for Federal Tax Paid on Fuels,* **Form 2290**, *Heavy Highway Vehicle Use Tax Return, or* **Form 730**, *Monthly Tax Return On Wagers.*

---

### Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels. . . . . . . . . . . . . . . . . . . . . . . . . | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene. . . . . . . | ☐ |
| **Schedule 3** | Gasohol Blending . . . . . . . . . . . . . . . . . . . . . . . . . . | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors . . . . . . . . . . . . . . . . . | ☐ |
| **Schedule 5** | Section 4081(e) Claims . . . . . . . . . . . . . . . . . . . . . . . | ☐ |
| **Schedule 6** | Other Claims . . . . . . . . . . . . . . . . . . . . . . . . . . | ☒ |

---

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

*[signature]*

Signature and title (if applicable)

Date  1/31/05

Nancy S. McCarty
Type or print your name below signature.

Director, Consumption Taxes

For Privacy Act and Paperwork Reduction Act Notice, see instructions.        Cat. No. 20027J        Form **8849** (Rev. 1-2003)



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here
DULLES VA
JAN 31 2005
USPS

Sent To: *Internal Revenue Service*
Street, Apt. No.; or PO Box No.
City, State, ZIP+4: *Cincinatti, OH 45999 - 0002*

PS Form 3800, June 2002                  See Reverse for Instructions

7003 1680 0001 9665 3397



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Internal Revenue Service*
*Cincinatti, OH 45999-0002*

COMPLETE THIS SECTION ON DELIVERY

A. INTERNAL REVENUE SERVICE
RECEIVED
X                                    ☐ Agent
                                     ☐ Addressee
B. Received FEB 0 4 2005   C. Date of Delivery
SERVICE CENTER DIRECTOR
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004        Domestic Return Receipt

**Schedule 6
(Form 8849)**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

**Other Claims**
► Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| UUNET Technologies, INC. | 54-1543611 | $ 14,260,752 |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ► 10012001        Latest date ► 12312004

Claimant's registration number for Section 4091(d) claims. ► _____

| Tax | Amount of refund | CRN |
|---|---|---|
| 1 Communications excise tax paid to local exchange companies on purchases of certain telecommunication 2 services. | $ 14,260,752 | |
| 3 | | |
| 4 | | |
| 5 | | |

Use the space below for an explanation of each tax claimed.   **See enclosures**

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

# Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

• **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;

• **Form 2290,** Heavy Highway Vehicle Use Tax Return;

• **Form 730,** Monthly Tax Return for Wagers; and

• **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* **Form 720X,** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 instructions.    Cat. No. 27454M    Schedule 6 (Form 8849) (Rev. 1-2003)

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO FORM 8849, SCHEDULE 6**
**REFUND SUMMARY**

| Period | COBRA Services Purchased | Communications Excise Tax Paid |
|---|---|---|
| 4th Quarter 2001 | $2,077,473 | $62,324 |
| 1st Quarter 2002 | $2,163,162 | $64,895 |
| 2nd Quarter 2002 | $1,436,523 | $43,096 |
| 3rd Quarter 2002 | $2,252,162 | $67,566 |
| Paid with Form 5384 | | $13,573,017 |
| 4th Quarter 2002 | $2,013,808 | $60,414 |
| 1st Quarter 2003 | $2,686,309 | $80,589 |
| 2nd Quarter 2003 | $1,952,892 | $58,587 |
| 3rd Quarter 2003 | $1,728,893 | $51,866 |
| 4th Quarter 2003 | $998,419 | $29,953 |
| 1st Quarter 2004 | $881,276 | $26,438 |
| 2nd Quarter 2004 | $724,120 | $21,723 |
| 3rd Quarter 2004 | $2,291,030 | $68,731 |
| 4th Quarter 2004 | $1,718,420 | $51,553 |
| Total Refund Claim | | $14,260,752 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO FORM 8849, SCHEDULE 6**
**DETAIL FOR REFUND**
**4TH QUARTER 2001**

| Vendor Name | COBRA Services Purchased | Communications Excise Tax Paid |
|---|---|---|
| Bell South Telecomunications | $604,332 | $18,130 |
| Frontier Communications | $333,429 | $10,003 |
| Hickory Tech | $118,845 | $3,565 |
| Iowa Telecom | $202,752 | $6,083 |
| Qwest/Mountain Bell | $670,970 | $20,129 |
| SBC/Nevada Bell | $147,145 | $4,414 |
| Quarterly Total | $2,077,473 | $62,324 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO FORM 8849, SCHEDULE 6**
**DETAIL FOR REFUND**
**1ST QUARTER 2002**

| Vendor Name | COBRA Services Purchased | Communications Excise Tax Paid |
|---|---|---|
| Bell South Telecomunications | $716,531 | $21,496 |
| Frontier Communications | $332,776 | $9,983 |
| Hickory Tech | $118,845 | $3,565 |
| Iowa Telecom | $247,104 | $7,413 |
| Qwest/Mountain Bell | $599,620 | $17,989 |
| SBC/Nevada Bell | $148,286 | $4,449 |
| Quarterly Total | $2,163,162 | $64,895 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO FORM 8849, SCHEDULE 6**
**DETAIL FOR REFUND**
**2ND QUARTER 2002**

| Vendor Name | COBRA Services Purchased | Communications Excise Tax Paid |
|---|---|---|
| Bell South Telecomunications | $650,524 | $19,516 |
| Iowa Telecom | $164,736 | $4,942 |
| Qwest/Mountain Bell | $478,378 | $14,351 |
| SBC/Nevada Bell | $142,885 | $4,287 |
| Quarterly Total | $1,436,523 | $43,096 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO FORM 8849, SCHEDULE 6**
**DETAIL FOR REFUND**
**3RD QUARTER 2002**

| Vendor Name | COBRA Services Purchased | Communications Excise Tax Paid |
|---|---|---|
| Alltel | $1,114,431 | $33,433 |
| Bell South Telecomunications | $533,452 | $16,004 |
| Qwest/Mountain Bell | $457,056 | $13,712 |
| SBC/Nevada Bell | $147,223 | $4,417 |
| Quarterly Total | $2,252,162 | $67,566 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO FORM 8849, SCHEDULE 6**
**DETAIL FOR REFUND**
**4TH QUARTER 2002**

| Vendor Name | COBRA Services Purchased | Communications Excise Tax Paid |
|---|---|---|
| Alltel | $1,536,980 | $46,109 |
| Qwest/Mountain Bell | $476,828 | $14,305 |
| Quarterly Total | $2,013,808 | $60,414 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO FORM 8849, SCHEDULE 6**
**DETAIL FOR REFUND**
**1ST QUARTER 2003**

| Vendor Name | COBRA Services Purchased | Communications Excise Tax Paid |
|---|---|---|
| Alltel | $2,066,579 | $61,997 |
| Qwest/Mountain Bell | $619,730 | $18,592 |
| Quarterly Total | $2,686,309 | $80,589 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO FORM 8849, SCHEDULE 6**
**DETAIL FOR REFUND**
**2ND QUARTER 2003**

| Vendor Name | COBRA Services Purchased | Communications Excise Tax Paid |
|---|---|---|
| Alltel | $1,381,052 | $41,432 |
| Qwest/Mountain Bell | $571,840 | $17,155 |
| Quarterly Total | $1,952,892 | $58,587 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO FORM 8849, SCHEDULE 6**
**DETAIL FOR REFUND**
**3RD QUARTER 2003**

| Vendor Name | COBRA Services Purchased | Communications Excise Tax Paid |
|---|---|---|
| Alltel | $1,414,011 | $42,420 |
| Qwest/Mountain Bell | $314,882 | $9,446 |
| Quarterly Total | $1,728,893 | $51,866 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO FORM 8849, SCHEDULE 6**
**DETAIL FOR REFUND**
**4TH QUARTER 2003**

| Vendor Name | COBRA Services Purchased | Communications Excise Tax Paid |
|---|---|---|
| Alltel | $654,558 | $19,637 |
| Qwest/Mountain Bell | $343,861 | $10,316 |
| Quarterly Total | $998,419 | $29,953 |

form8849attach        1/27/2005    5:39 PM

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO FORM 8849, SCHEDULE 6**
**DETAIL FOR REFUND**
**1ST QUARTER 2004**

| Vendor Name | COBRA Services Purchased | Communications Excise Tax Paid |
|---|---|---|
| Alltel | $581,096 | $17,433 |
| Qwest/Mountain Bell | $300,180 | $9,005 |
| Quarterly Total | $881,276 | $26,438 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO FORM 8849, SCHEDULE 6**
**DETAIL FOR REFUND**
**2ND QUARTER 2004**

| Vendor Name | COBRA Services Purchased | Communications Excise Tax Paid |
|---|---|---|
| Alltel | $578,345 | $17,350 |
| Qwest/Mountain Bell | $145,775 | $4,373 |
| Quarterly Total | $724,120 | $21,723 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO FORM 8849, SCHEDULE 6**
**DETAIL FOR REFUND**
**3RD QUARTER 2004**

| Vendor Name | COBRA Services Purchased | Communications Excise Tax Paid |
|---|---|---|
| Alltel | $452,724 | $13,582 |
| Qwest/Mountain Bell | $1,838,306 | $55,149 |
| Quarterly Total | $2,291,030 | $68,731 |

**UUNET TECHNOLOGIES, INC.**
**ATTACHMENT TO FORM 8849, SCHEDULE 6**
**DETAIL FOR REFUND**
**4TH QUARTER 2004**

| Vendor Name | COBRA Services Purchased | Communications Excise Tax Paid |
|---|---|---|
| Qwest/Mountain Bell | $1,718,420 | $51,553 |
| Quarterly Total | $1,718,420 | $51,553 |