# Internal Revenue
# bulletin

**Bulletin No. 2006-25**
**June 19, 2006**

# HIGHLIGHTS
# OF THIS ISSUE

These synopses are intended only as aids to the reader in identifying the subject matter covered. They may not be relied upon as authoritative interpretations.

## INCOME TAX

**Rev. Rul. 2006–30, page 1134.**
**Interest rates; underpayments and overpayments.** The rate of interest determined under section 6621 of the Code for the calendar quarter beginning July 1, 2006, will be 8 percent for overpayments (7 percent in the case of a corporation), 8 percent for underpayments, and 10 percent for large corporate underpayments. The rate of interest paid on the portion of a corporate overpayment exceeding $10,000 will be 5.5 percent.

**Rev. Rul. 2006–31, page 1133.**
**Regulated investment company (RIC).** This ruling modifies Rev. Rul. 2006–1 to extend until September 30, 2006, the transition period provided by that ruling, and clarifies that Rev. Rul. 2006–1 was not intended to preclude a conclusion that income from certain instruments (such as structured notes) that create a commodity exposure for the holder is qualifying income under section 851(b)(2) of the Code. Rev. Rul. 2006–1 modified and clarified.

**T.D. 9263, page 1063.**
Final regulations under section 199 of the Code relate to the deduction for income attributable to domestic production activities. Section 199 was enacted as part of the American Jobs Creation Act (AJCA) of 2004, and allows a deduction equal to 3 percent (for 2005 and 2006) of the lesser of the qualified production activities income of the taxpayer for the taxable year, or the taxable income of the taxpayer for the taxable year, subject to certain limits. The applicable percentage rises to 6 percent for 2007, 2008, and 2009, and 9 percent for 2010 and subsequent years. Notice 2005–14 obsoleted for taxable years beginning on or after June 1, 2006.

**Notice 2006–51, page 1144.**
**Renewable electricity production and refined coal production; calendar year 2006 inflation adjustment factor and reference prices.** This notice announces the calendar year 2006 inflation adjustment factor and reference prices for the renewable electricity production credit and refined coal production credit under section 45 of the Code.

**Rev. Proc. 2006–28, page 1147.**
Guidance is provided to individuals who fail to meet the eligibility requirements of section 911(d)(1) of the Code because adverse conditions in a foreign country preclude the individuals from meeting those requirements. A list of the country for tax year 2005 and the date that country is subject to the section 911(d)(4) waiver is provided.

## EMPLOYEE PLANS

**Notice 2006–55, page 1146.**
**Weighted average interest rate update; 30-year Treasury securities.** The weighted average interest rate for June 2006 and the resulting permissible range of interest rates used to calculate current liability and to determine the required contribution are set forth.

## EXCISE TAX

**Notice 2006–50, page 1141.**
This notice announces that the Service will follow the holding of Am. Bankers Ins. Group v. United States, 408 F.3d 1328 (11th Cir. 2005). The notice provides related guidance to taxpayers and collectors. Notice 2005–79 revoked.

Finding Lists begin on page ii.



Department of the Treasury
Internal Revenue Service

# Part III. Administrative, Procedural, and Miscellaneous

## Communications Excise Tax; Toll Telephone Service

### Notice 2006–50

#### SECTION 1. PURPOSE

(a) *In general.* As further described in this notice, the Internal Revenue Service will follow the holdings of *Am. Bankers Ins. Group v. United States*, 408 F.3d 1328 (11th Cir. 2005) (*ABIG*); *OfficeMax, Inc. v. United States*, 428 F.3d 583 (6th Cir. 2005); *Nat'l R.R. Passenger Corp. v. United States*, 431 F.3d 374 (D.C. Cir. 2005) (*Amtrak*); *Fortis v. United States*, 2006 U.S. App. LEXIS 10749 (2d Cir. Apr. 27, 2006); and *Reese Bros. v. United States*, 2006 U.S. App. LEXIS 11468 (3d Cir. May 9, 2006). These cases hold that a telephonic communication for which there is a toll charge that varies with elapsed transmission time and not distance (time-only service) is not taxable toll telephone service as defined in § 4252(b)(1) of the Internal Revenue Code. As a result, amounts paid for time-only services are not subject to the tax imposed by § 4251. Accordingly, the government will no longer litigate this issue and Notice 2005–79, 2005–46 I.R.B. 952, which states otherwise, is revoked.

(b) *Credits and refunds.* Taxpayers may be entitled to request credit or refund of the excise taxes paid for the services covered by this notice. This notice provides guidance regarding these requests. In addition, the Commissioner will authorize the scheduling of an overassessment under § 6407 to keep the period of limitations open for these requests. This overassessment will apply to all taxpayers and to all taxes paid for the services covered by this notice beginning with the tax paid on services that were billed to customers after February 28, 2003.

#### SECTION 2. BACKGROUND

(a) *In general—*(1) *Tax imposed.* Section 4251(a)(1) imposes a tax on amounts paid for communications services.

(2) *Payment of tax.* Section 4251(a)(2) provides that the tax imposed shall be paid by the person paying for the service (taxpayer). Section 4251(b)(2) provides that the applicable percentage is 3 percent

of amounts paid for communications services.

(3) *Collection of tax.* Section 4291 provides that the tax is collected by the person receiving the payment (collector). In most cases, the collector, which is also responsible for paying over the tax to the government, is the telecommunications company that provides the communications services to the taxpayer.

(b) *Definitions—*(1) *Communications services.* Section 4251(b)(1) provides that the term communications services means (A) local telephone service; (B) toll telephone service; and (C) teletypewriter exchange service. This notice does not address teletypewriter exchange service.

(2) *Local telephone service.* Section 4252(a) provides that local telephone service means (1) the access to a local telephone system, and the privilege of telephonic quality communication with substantially all persons having telephone or radio telephone stations constituting a part of such local telephone system; and (2) any facility or service provided in connection with such a service. Local telephone service does not include any service that is a toll telephone service as defined in § 4252(b) or a private communications service as defined in § 4252(d). This notice does not address private communications service.

(3) *Toll telephone service—*(i) *Time and distance.* Section 4252(b)(1) provides that toll telephone service includes a telephonic quality communication for which there is a toll charge that varies in amount with the distance and elapsed transmission time of each individual communication and for which the charge is paid within the United States.

(ii) *Periodic charge for a specified area.* Section 4252(b)(2) provides that toll telephone service also includes a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone

system area in which the station provided with this service is located.

(c) *Rev. Rul. 79–404.* Rev. Rul. 79–404, 1979–2 C.B. 382, concludes that a long distance telephone call for which the charge varies with elapsed transmission time but not with distance is toll telephone service described in § 4252(b)(1).

(d) *Notice of proposed rulemaking.* In a notice of proposed rulemaking (REG–141097–02, 2003–1 C.B. 807 [68 FR 15690]; April 1, 2003), the Service proposed an amendment to the Facilities and Services Excise Taxes Regulations to provide that toll telephone service described in section 4252(b)(1) may include a communication service for which the charge does not vary with the distance of each individual communication.

(e) *Recent litigation. ABIG, OfficeMax, Amtrak,* and *Reese Bros.* hold time-only service is not toll telephone service as defined in § 4252(b)(1). Further, *ABIG, OfficeMax,* and *Reese Bros.* hold that the communications service provided was not a service described in § 4252(b)(2) because the end result was not a "periodic charge" based on total elapsed time but rather a monthly bill based on a summation of toll charges for individual communications. (In *Amtrak,* toll telephone service described in § 4252(b)(2) would have been exempt from tax under the common carrier exception in § 4253(f).) *ABIG, OfficeMax, Amtrak,* and *Reese Bros.* also hold that the communications services provided were not local service, notwithstanding the access the services provided to the local telephone system. (*Fortis* affirms, in a *per curiam* opinion, a district court decision reaching the same results.)

(f) *Notice 2005–79.* Notice 2005–79, 2005–46 I.R.B. 952, states that the Service will continue to assess and collect the tax imposed by § 4251 on all taxable communications services, including those similar to the services in *ABIG*.

#### SECTION 3. TERMS DEFINED

The following terms are defined solely for purposes of this notice:

(a) *Bundled service.* Bundled service is local and long distance service provided under a plan that does not separately state the charge for the local telephone

service. Bundled service includes, for example, Voice over Internet Protocol service, prepaid telephone cards, and plans that provide both local and long distance service for either a flat monthly fee or a charge that varies with the elapsed transmission time for which the service is used. Telecommunications companies provide bundled service for both landline and wireless (cellular) service.

(b) *Local-only service.* Local-only service is local telephone service, as defined in § 4252(a), provided under a plan that does not include long distance telephone service or that separately states the charge for local service on its bill to customers. The term also includes services and facilities provided in connection with service described in the preceding sentence even though these services and facilities may also be used with long distance service. See, for example, Rev. Rul. 72–537, 1972–2 C.B. 574 (telephone amplifier); Rev. Rul. 73–171, 1973–1 C.B. 445 (automatic call distributing equipment); and Rev. Rul. 73–269, 1973–1 C.B. 444 (special telephone).

(c) *Long distance service.* Long distance service is telephonic quality communication with persons whose telephones are outside the local telephone system of the caller.

(d) *Nontaxable service.* Nontaxable service means bundled service and long distance service.

SECTION 4. EFFECT OF *ABIG, OFFICEMAX, AMTRAK, FORTIS,* AND *REESE BROS.*

(a) *Tax treatment of communications service after ABIG, OfficeMax, Amtrak, Fortis, and Reese Bros.* The Service will follow *ABIG, OfficeMax, Amtrak, Fortis,* and *Reese Bros.* Accordingly, taxpayers are no longer required to pay tax under § 4251 for nontaxable service. In addition, collectors or taxpayers may request a refund of tax paid under § 4251 on nontaxable service that was billed to the taxpayers during the period after February 28, 2003, and before August 1, 2006 (the relevant period).

(b) *Tax on local-only service.* Collectors should continue to collect and pay over the § 4251 tax on amounts paid for local-only service. As noted in section 3(b) of this notice, local-only service includes amounts paid for facilities or services provided in connection with local telephone service. Thus, for example, tax will continue to be imposed on amounts paid by a taxpayer for renting an amplifier phone provided in connection with local telephone service that is subject to tax.

(c) *Effect on collectors.* Collectors are directed to cease collecting and paying over tax under § 4251 on nontaxable service that is billed after July 31, 2006, and are not required to report to the IRS any refusal by their customers to pay any tax on nontaxable service that is billed after May 25, 2006. Collectors should not pay over to the IRS any tax on nontaxable service that is billed after July 31, 2006. The form will require collectors to certify that for the third quarter of 2006 the § 4251 tax reported on the Form 720 does not include any tax on nontaxable service that was billed after July 31, 2006. Consequently, the IRS will deny all taxpayer requests for refund of tax on nontaxable service that was billed after July 31, 2006. All such requests should be directed to the collector. In addition, collectors may repay to taxpayers the tax on nontaxable service that was billed before August 1, 2006, but are not required to repay such tax. Collectors may also request a refund or make an adjustment to their separate accounts, as appropriate, subject to the provisions of § 6415 and section 5(d)(4) of this notice. Collectors must continue to collect and pay over tax under § 4251 on amounts paid for local only service.

SECTION 5. REQUESTS FOR CREDIT OR REFUND

(a) *In general*—(1) *Request must follow this notice.* The Commissioner agrees to credit or refund the amounts paid for nontaxable service if the taxpayer requests the credit or refund in the manner prescribed in this notice.

(2) *Form of request.* Taxpayers may request a credit or refund of tax on nontaxable service that was billed after February 28, 2003, and before August 1, 2006, only on their 2006 Federal income tax returns. For this purpose, the 2006 income tax return is the income tax return for calendar year 2006 or for the first taxable year including December 31, 2006. Forms 1040 (series), 1041, 1065, 1120 (series), and 990–T will include a line for requesting the overpayment amount. Persons that are not otherwise required to file a federal income tax return must nevertheless file a return to obtain the credit or refund. Except as provided in section 5(d)(4) of this notice, a request for this credit or refund on any other form (such as a Form 720, 843, or 8849) will not be processed by the Service. Taxpayers will be permitted to request the safe harbor amount under paragraph (c) of this section only if they have paid all taxes billed by their service provider after February 28, 2003, and before August 1, 2006.

(3) *Guidance on the form.* The instructions to the respective federal income tax return forms will provide additional guidance. The forms and instructions will require taxpayers to certify that (1) the taxpayer has not received from the collector a credit or refund of the tax paid on nontaxable service billed during the relevant period and (2) the taxpayer will not ask the collector for a credit or refund of that tax and has withdrawn any such request that was previously submitted. The instructions will also require that taxpayers, except for those individuals using the safe harbor amount, retain records that substantiate the request. These records should include bills from the collector that show the amount of tax charged for nontaxable service for each month during the relevant period and receipts, canceled checks, or other evidence that the amount requested was actually paid.

(b) *Period of request.* The Commissioner will authorize the scheduling of an overassessment under § 6407 to preserve the period of limitations during which taxpayers may request refunds of the tax on nontaxable service that was billed to customers after February 28, 2003, and before August 1, 2006. Therefore, requests may be made for credits or refunds of tax paid for nontaxable service billed after February 28, 2003, and before August 1, 2006.

(c) *Amount of the request*—(1) *Requests by individual taxpayers*—(i) *Safe harbor amount.* Individual taxpayers may request a safe harbor amount. No documentation will be required to be submitted or kept to support the safe harbor request. However, taxpayers will be permitted to request the safe harbor amount only if they have paid all taxes billed by their service provider after February 28, 2003, and before August 1, 2006; have not received a credit or refund of these taxes

from the service provider, and either have not requested such a credit or refund from the service provider or have withdrawn any such request. The amount of this safe harbor is still under consideration and will be announced in later guidance.

(ii) *Actual amount.* Taxpayers that do not request the safe harbor amount may request a credit or refund of the actual amount of tax they paid.

(d) *How to file*—(1) *Requests by individual taxpayers.* Individual taxpayers may request a credit or refund of federal excise taxes paid on nontaxable service only on their 2006 Form 1040, 1040A, or 1040–EZ, *U.S. Individual Income Tax Return.* Individuals who are not otherwise required to file a federal income tax return must nevertheless file Form 1040EZ–T to request the credit or refund. Individual taxpayers, including Schedule C filers, may request either the safe harbor amount or the actual amount of tax paid for nontaxable service.

(2) *Requests by taxpayers other than individual taxpayers.* Taxpayers other than individual taxpayers (entities) may request only the actual amount of tax paid on nontaxable service billed during the relevant period. No safe harbor amount is allowed for entities.

(3) *Requests by entities*—(i) *In general.* Entities may request a credit or refund of federal excise taxes paid on nontaxable service only on their 2006 income tax returns. Any part of the credit or refund attributable to tax payments that were deducted as an ordinary and necessary business expense (including in the determination of unrelated business taxable income) must be included in income for the taxable year in which the refund is received or accrued to the extent that the tax payments reduced the amount of federal income tax (or unrelated business income tax) imposed.

(ii) *Partnerships.* A partnership, as defined in § 7701(a)(2), may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 1065, *U.S. Return of Partnership Income.* Any amount of the credit or refund included in partnership income and any interest on the credit or refund must be reported on the partnership's return for the taxable year in which received or accrued and must be allocated to its partners on the Schedule K–1, *Partner's Share of Income,*

*Deductions, Credits, etc.,* for that taxable year.

(iii) *S Corporations.* An S Corporation, as defined in § 1361, may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 1120S, *U.S. Income Tax Return for an S Corporation.* Any amount of the credit or refund included in S Corporation income and any interest on the credit or refund must be reported on the S Corporation's return for the taxable year in which received or accrued and must be allocated to its shareholders on the Schedule K–1, *Shareholder's Share of Income, Deductions, Credits, etc.,* for that taxable year.

(iv) *Estates and trusts.* An estate or a trust, as defined in § 301.7701–4(a) of the Procedure and Administration Regulations, may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 1041, *U.S. Income Tax Return for Estates and Trusts.* Any amount of the credit or refund included in the estate's or trust's income and any interest on the credit or refund must be reported on the estate's or trust's Form 1041, *U.S. Income Tax Return for Estates and Trusts,* for the taxable year in which received or accrued. However, for a trust that is treated as owned by the grantor or other person under subpart E (§ 671 and following), part I, subchapter J, chapter 1 of the Internal Revenue Code (grantor trust), the owner of the trust may request a credit or refund of federal excise taxes treated as paid by the owner for nontaxable service only on its applicable 2006 federal tax return.

(v) *Tax exempt organizations.* An organization that is described in § 501(a) may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 990–T, *Exempt Organization Business Income Tax Return.* Tax exempt organizations that are not otherwise required to file a federal income tax return must nevertheless file Form 990–T to request the credit or refund. Any amount of the credit or refund included in the organization's unrelated business taxable income must be reported on the organization's Form 990–T, *Exempt Organization Business Income Tax Return,* for the taxable year in which received or accrued. An organization that is subject to tax on its interest income must also report

any interest on the credit or refund on its Form 990–T, *Exempt Organization Business Income Tax Return,* for the taxable year in which received or accrued.

(vi) *Corporations.* A corporation, as defined in § 7701(a)(3), that is not described in section 5(d)(3)(iii) of this notice may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 1120 (series) income tax return (generally, Form 1120, *U.S. Corporation Income Tax Return*). Any amount of the credit or refund included in the corporation's income and any interest on the credit or refund must be reported on the corporation's income tax return for the taxable year in which received or accrued. Corporations that are not otherwise required to file a federal income tax return must nevertheless file Form 1120 (series) to request the credit or refund.

(vii) *Other nonfiling entities.* Entities that are not otherwise required to file a federal income tax return must file Form 990–T to request the credit or refund.

(4) *Requests and adjustments by collectors*—(i) *Section 6415 conditions to allowance.* The conditions to allowance described in § 6415 apply to all requests and adjustments by collectors, as defined by section 2(a)(3) of this notice. Thus, a request by a collector is allowed only if the person that paid over the tax establishes that it has repaid the amount of the tax to the person from whom the tax was collected, or obtains the written consent of such person to the allowance of the credit or refund.

(ii) *Requests for regular method collectors*—(A) *In general.* A person that collected the tax imposed by § 4251 on nontaxable service and paid it over to the government based on amounts actually collected under § 40.6302(c)–1(a)(2)(i) of the Excise Tax Procedural Regulations (regular method collectors) may request a credit or refund.

(B) *Form of the request.* Regular method collectors may use Form 720X, *Amended Quarterly Federal Excise Tax Return,* line 1, IRS No. 22, for credit or refund of amounts collected and repaid to taxpayers.

(iii) *Account adjustments for alternative method collectors.* A person that collected the tax imposed by § 4251 on nontaxable service and paid it over to the

government based on amounts considered as collected under § 40.6302(c)–1(a)(2)(ii) (alternative method collectors) may adjust the separate account for the amount of an overpayment. The required adjustment to the separate account is described in § 40.6302(c)–3(b)(2)(ii)(C). The adjustment is reflected on Form 720, Schedule A, line 2, but may not reduce tax liability on Form 720 below zero.

(e) *Interest on the credit or refund included in income.* If a taxpayer requests a credit or refund of the actual amount of tax paid, interest on the credit or refund of the tax paid for nontaxable service must be included as income on the taxpayer's income tax return for the taxable year in which the interest is received or accrued. Thus, individuals are generally required to report the interest on their 2007 income tax returns.

(f) *Estimated tax effects.* Although the credit or refund allowed to a taxpayer under this notice will be requested on the taxpayer's income tax return, it is not a credit against tax for purposes of §§ 6654 and 6655. Accordingly, the taxpayer may not take the credit or refund into account in determining the amount of the required installments of estimated tax for 2006. In determining the amount of the required installments of estimated tax for 2007, the income attributable to the credit or refund is taken into account on the date the income is paid or credited in the case of a cash method taxpayer and on the date the return making the request is filed in the case of an accrual method taxpayer.

(g) *Requests that do not follow the provisions of this notice.* Requests that do not follow the provisions of this notice (whether filed before or after its publication)—

(1) Will not be processed to the extent they relate to the tax paid on nontaxable service that was billed after February 28, 2003; and

(2) Will be processed normally to the extent they relate to the tax paid on nontaxable service that was billed before March 1, 2003.

## SECTION 6. EFFECT ON OTHER DOCUMENTS

Notice 2005–79, 2005–46 I.R.B. 952, is revoked. Rev. Rul. 79–404, 1979–2 C.B. 382, will be revoked in a later revenue ruling.

## SECTION 7. DRAFTING INFORMATION

The principal author of this notice is Taylor Cortright of the Office of the Associate Chief Counsel (Passthroughs and Special Industries). For further information regarding this notice, contact (202) 622–3130 (not a toll-free call).

---

# Renewable Electricity Production Credit and Refined Coal Production Credit, Publication of Inflation Adjustment Factor and Reference Prices for Calendar Year 2006

## Notice 2006–51

This notice publishes the inflation adjustment factor and reference prices for calendar year 2006 for the renewable electricity production credit and the refined coal production credit under § 45 of the Internal Revenue Code. The 2006 inflation adjustment factor and reference prices are used in determining the availability of the credits. The 2006 inflation adjustment factor and reference prices apply to calendar year 2006 sales of kilowatt-hours of electricity produced in the United States or a possession thereof from qualified energy resources and to calendar year 2006 sales of refined coal produced in the United States or a possession thereof.

## BACKGROUND

Section 45(a) provides that the renewable electricity production credit for any tax year is an amount equal to the product of 1.5 cents multiplied by the kilowatt hours of specified electricity produced by the taxpayer and sold to an unrelated person during the tax year. This electricity must be produced from qualified energy resources and at a qualified facility during the 10-year period beginning on the date the facility was originally placed in service.

Section 45(b)(1) provides that the amount of the credit determined under § 45(a) is reduced by an amount which bears the same ratio to the amount of the credit as (A) the amount by which the reference price for the calendar year in which the sale occurs exceeds 8 cents, bears to (B) 3 cents. Under § 45(b)(2), the 1.5 cent amount in § 45(a), the 8 cent amount in § 45(b)(1), the $4.375 amount in § 45(e)(8)(A), and in § 45(e)(8)(B)(i) the reference price of fuel used as feedstock (within the meaning of § 45(c)(7)(A)) in 2002 are each adjusted by multiplying the amount by the inflation adjustment factor for the calendar year in which the sale occurs. If any amount as increased under the preceding sentence is not a multiple of 0.1 cent, the amount is rounded to the nearest multiple of 0.1 cent.

Section 45(c)(1) defines qualified energy resources as wind, closed-loop biomass, open-loop biomass, geothermal energy, solar energy, small irrigation power, municipal solid waste, and qualified hydropower production.

Section 45(d)(1) defines a qualified facility using wind to produce electricity as any facility owned by the taxpayer that is originally placed in service after December 31, 1993, and before January 1, 2008. See § 45(e)(7) for rules relating to the inapplicability of the credit to electricity sold to utilities under certain contracts.

Section 45(d)(2)(A) defines a qualified facility using closed-loop biomass to produce electricity as any facility (i) owned by the taxpayer that is originally placed in service after December 31, 1992, and before January 1, 2008, or (ii) owned by the taxpayer which before January 1, 2008, is originally placed in service and modified to use closed-loop biomass to co-fire with coal, with other biomass, or with both, but only if the modification is approved under the Biomass Power for Rural Development Programs or is part of a pilot project of the Commodity Credit Corporation as described in 65 Fed. Reg. 63052. Section 45(d)(2)(B) provides that in the case of a qualified facility described in § 45(d)(2)(A)(ii), (i) the 10-year period referred to in § 45(a) is treated as beginning no earlier than the date of enactment of § 45(d)(2)(B)(i); (ii) the amount of the credit determined under § 45(a) with respect to the facility is an amount equal to the amount determined without regard to § 45(d)(2)(B)(ii) multiplied by the ratio of the thermal content of the closed-loop biomass used in the facility to the thermal content of all fuels used in the facility; and (iii) if the owner of the facility is not the